369 So.2d 416 (1979)
The STATE of Florida, Appellant,
v.
Annie Ruth WILLIAMS, Appellee.
No. 78-966.
District Court of Appeal of Florida, Third District.
April 3, 1979.
Rehearing Denied April 26, 1979.
*417 Janet Reno, State's Atty., and Ira N. Loewy, Asst. State's Atty., for appellant.
Engel, Aronson, Fried & Cohn and Don S. Cohn, Miami, for appellee.
Before HENDRY, BARKDULL and SCHWARTZ, JJ.
HENDRY, Judge.
By this appeal, we are asked to review the trial court order dismissing the informations for failure of the state to disclose the identities of its confidential informants.
Two separate informations filed against Williams and a codefendant contain, inter alia, several charges of sale or delivery and possession of controlled substances (circuit court case numbers 77-29326 and 77-32798). The defendants filed sworn motions to dismiss in both cases, alleging that the lead investigative officers in each case were unable to identify the defendants beyond a reasonable doubt, and that the defendants were not the same individuals who were alleged to have possessed and sold the controlled substances on the dates in question; the motions were denied. Subsequently, Annie Ruth Williams, appellee herein, filed motions to disclose the confidential informant in both cases, alleging in part that she is the victim of mistaken identity; that the confidential informant arranged the drug transactions, according to police testimony; that the officers testified that the confidential informants were in a position to observe the transactions and the persons involved; that under Smith v. State, 318 So.2d 506 (Fla. 2d DCA 1975), the state must disclose their identities. The court rendered written orders requiring the state to disclose in both cases; however, an order was subsequently entered dismissing the informations due to the state's refusal to disclose. This appeal followed.
It appears that after argument and prior to the entry of the orders of disclosure, the state had requested that an in camera investigation be conducted by the court for the purpose of determining whether disclosure was necessary in that the confidential informants' testimony might have been helpful to the defense.
The state's most persuasive argument in the prosecution of this appeal is that based on the record, it is impossible to determine if, in fact, the testimony of either confidential informant would be helpful to the defense and that under the circumstances the court was required to hold an in camera hearing.
In Munford v. State[1] the second district court of appeal, quoting from the holding in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), set down the criteria to be weighed to determine when disclosure is required, at 68-69:
"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous *418 must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors."
In attempting to apply the above test to this case, we are in much the same position as were the courts in Munford supra, and United States v. Fischer, 531 F.2d 783 (5th Cir.1976), wherein the court stated at 787-788:
"[W]e are unable to conclude from this record that the informer's participation was such that fairness to the defendant would require disclosure and production regardless of any showing the government could make in opposition. We can only guess as to the substance of the testimony which this informer would give. Also, the record is silent about the interests which the government may have in resisting disclosure and production."
The Munford court proposed that the best procedure to insure that a defendant's right to a fair trial is not abrogated while at the same time considering the state's interest in non-disclosure is to hold an in camera hearing. See, United States v. Doe, 525 F.2d 878 (5th Cir.1976) and United States v. Freund, 525 F.2d 873 (5th Cir.1976).
In conclusion, we believe that notwithstanding the fact that the appellee/defendant had made the required initial showing that non-disclosure could possibly hamper the defense, the trial court erred in ordering disclosure without having first conducted an in camera hearing, "[as it] is the appropriate procedural vehicle for accomplishing the accommodation of conflicting interests in this case." United States v. Freund, supra, at 877. Clearly, disclosure of the identities of the confidential informants in the cases sub judice would be of help to the defendants only if their testimony would tend to exculpate the defendants or if it would be materially at variance with the testimony of the police officers.
Reversed and remanded with directions to vacate the appealed order and to proceed with an in camera hearing to determine whether disclosure of the identities of the confidential informants would be valuable and material to the defense.
Reversed and remanded with directions.
NOTES
[1] 343 So.2d 67 (Fla. 2d DCA 1977).