428 So.2d 356 (1983)
The STATE of Florida, Appellant,
v.
Maximo JIMENEZ, Luis Pintado and Pedro Augustin Alvarez, Appellees.
No. 82-531.
District Court of Appeal of Florida, Third District.
March 22, 1983.
Jim Smith, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Martell & Villalobos, Coral Gables, for Maximo Jimenez.
*357 Bennett H. Brummer, Public Defender, and Robin H. Greene, Asst. Public Defender, for Luis Pintado.
Gold & Fox and Myron M. Gold, Sp. Asst. Public Defenders, for Pedro Augustin Alvarez.
Before BARKDULL, HUBBART and JORGENSON, JJ.
JORGENSON, Judge.
The State of Florida appeals a trial court order dismissing an information which charged the defendants with trafficking in cocaine, conspiracy to sell cocaine and possession and sale or delivery of a controlled substance (cocaine) in violation of Florida Statutes.
The defendants jointly moved for the disclosure of a confidential informant. After a hearing on that motion, the trial court ordered disclosure. Based upon a representation from the state that the informant's identity would not be disclosed, the trial court dismissed the information. We reverse on the authority of State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979). As in Williams, we cannot tell from this record the basis for the state's refusal to disclose the identity of the confidential informant. Nor can we determine from the record the necessity of disclosure to the defense, notwithstanding that the defendants have met their threshold burden requiring disclosure. See Smith v. State, 318 So.2d 506 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). The state did ask for an in-camera hearing, pursuant to Florida Rule of Criminal Procedure 3.220(i), so that the necessary balancing required by Williams could be conducted by the trial court.[1]
Although an in-camera proceeding may not be necessary in every case involving disclosure of a confidential informant, see Standards for Criminal Justice Standard 11-2.6 (2d ed. 1980), and related commentary, we have previously held that such a hearing is a necessary condition precedent to the ultimate sanction of dismissal, see State v. Nelson, 405 So.2d 491 (Fla. 3d DCA 1981). We continue to adhere to that view.
For the foregoing reasons the order of dismissal is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] The balancing test approved in Williams requires the court to weigh "the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).