JORGENSON, Judge.
Luis Gonzalez, Rogelio Martin, and a confidential informant took part in a drug transaction with undercover police officers. Gonzalez and Martin were subsequently arrested and charged with trafficking in cocaine and conspiracy to traffic in cocaine. Both moved for severance and obtained pretrial release.
Shortly after his arraignment, Martin was in a shopping center parking lot when he recognized the confidential informant. Martin violently assaulted him with a pipe and threatened to kill him. The informant was later named in an information charging Martin with aggravated battery, aggravated assault, and witness tampering. The informant’s identity was thereby revealed *873 to Martin.[1]
Gonzalez moved to disclose the confidential informant’s identity and to compel his production for deposition. The trial court entered an order granting the motion but gave the state the option of producing the witness for deposition and trial without disclosing his address to the defense. The state failed to comply with the order. When the court made a show cause inquiry, the state alleged that it would be too dangerous to produce the confidential informant for deposition. The state later failed to appear before the trial court with evidence supporting the allegation. The trial court dismissed all charges against both defendants.[2]
Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), is controlling on the question of the government’s privilege not to disclose the identity of a confidential informant. As stated in Roviaro, “once the identity of an informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable.” 353 U.S. at 60, 77 S.Ct. at 627, 1 L.Ed.2d at 644. However, as this court observed in Garcia v. State, 379 So.2d 441 (Fla. 3d DCA 1980), if the safety of the informant is called into question, the court must weigh the interests of the state and the safety of the individual against the defendant’s right to develop a defense. Id. at 443. Moreover, a defendant’s knowledge of an informant’s name does not necessarily extinguish the general interest in maintaining the informant’s confidentiality. United States v. Tenorio-Angel, 756 F.2d 1505, 1510 (11th Cir.1985).
We have previously held that an in-camera hearing is a necessary condition precedent to the ultimate sanction of dismissal. State v. Jimenez, 428 So.2d 356 (Fla. 3d DCA 1983); State v. Nelson, 405 So.2d 491 (Fla. 3d DCA 1981). In the instant case, although the confidential informant’s name is already known to at least one of the defendants, the need for a hearing in camera is not negated. Martin’s brutal assault on the confidential informant had the serendipitous effect of disclosing the informant’s name, but the beating also raises serious questions regarding the informant’s safety. An in-camera proceeding is the appropriate means for the trial court to weigh competing interests and determine whether the state’s failure to produce is justified when the informant’s safety has been placed in question.
We reverse the order of dismissal and remand with directions to conduct an in-camera proceeding.
NESBITT, J., concurs.

. The state also listed the confidential informant’s name in its discovery response and in the statement of facts supporting the arrest warrant for Martin.

. The record makes clear the extent of the state’s reluctance to cooperate with the trial court and its failure to abide by court orders to produce the confidential informant. While we share the trial court’s frustration, a mere failure to produce will not, without more, support the ultimate sanction of dismissal of all charges against the defendants.