NESBITT, Judge.
The defendant, charged with drug trafficking, properly raised the defense that his presence at the site of the drug transaction had no relation to the crime charged. He filed affidavits to the effect that the confidential informant employed in the transaction might possibly prove to be the only corroborating witness available. The trial court entered an order requiring only that the state produce the confidential informant for deposition. When the state refused to take a further position and the confidential informant refused to appear, the trial judge forthwith dismissed the information. We reverse and remand on the following analysis.
As a general rule, the state has the privilege of not disclosing the identity of a confidential informant; however, there are exceptions to this rule, e.g., where the identity of the informer is essential to the defense. State v. Acosta, 439 So.2d 1024 (Fla. 3d DCA 1983); Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980); Fla.R. *577 Crim.P. 3.220(c)(2). The general rule and its exception have been set forth in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); United States v. Toombs, 497 F.2d 88 (5th Cir.1974), and Treverrow v. State, 194 So.2d 250 (Fla.1967). The burden is on the defendant to show that he warrants an exception to the general rule of nondisclosure. See State v. Davis, 308 So.2d 539 (Fla. 3d DCA 1975). If informers’ names were subject to being readily revealed, the use of confidential informants, an enormously important aid to law enforcement, would be almost cut off. For this reason, a privilege is recognized in respect to disclosure of the identity of an informer who has given information about supposed crimes to a prosecuting or investigating officer or to someone for the purpose of its being relayed to such an officer. See McCormick on Evidence § 111 at 270-73 (3d ed.1984).
One important qualification to this privilege occurs when evidence of the informer’s identity becomes important to the establishment of the defense to the crime. In such a case, the court may require disclosure, Roviaro, 353 U.S. at 53, 77 S.Ct. at 623, and if it is still withheld, the prosecution may be dismissed. Acosta, 439 So.2d at 1027: State v. Weinfurt, 409 So.2d 1187 (Fla. 4th DCA 1982); United States v. Keown, 19 F.Supp. 639, 646 (W.D.Ky.1937).
In order to prevent the privilege from being rendered meaningless by automatic defense allegations of the informer’s potential value as a witness, an in camera hearing on the nature of the informer’s probable testimony is required, State v. Martin, 522 So.2d 872 (Fla. 3d DCA 1988); State v. Jimenez, 428 So.2d 356 (Fla. 3d DCA 1983); State v. Nelson, 405 So.2d 491 (Fla. 3d DCA 1981), once a specific color-able defense is alleged. State v. Acosta, 439 So.2d at 1026; State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981). After that hearing, the trial court may assess the ultimate sanction of dismissal upon it. State v. Martin, 522 So.2d 872 (Fla. 3d DCA 1988); see also State v. Jimenez, 428 So.2d 356 (Fla. 3d DCA 1983) (in camera hearing is a necessary condition precedent to sanction of dismissal). An in camera proceeding is the appropriate means for the trial court to weigh competing interests and determine whether the state’s failure to produce is justified. State v. Martin, 522 So.2d at 873.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.