ANTOON, C.J.
Willie Jones appeals the judgment and sentence imposed after the jury found him guilty of manslaughter and robbery.[1] Only Mr. Jones’ argument challenging the admissibility of statements he made to a third party merits discussion; none of his arguments warrant reversal. Accordingly, we affirm.
Mr. Jones asserts that the incriminating statements he made to his fiancee while she was visiting him in jail should have been suppressed because they were obtained as a result of gross deception on the part of law enforcement. See Walls v. State, 580 So.2d 131 (Fla.1991). In Walls, our supreme court held the defendant’s statements were impermissibly elicited by gross deception constituting a violation of the defendant’s Fifth Amendment due process rights where a state agent fraudulently informed the defendant that he was speaking to her in confidence and insisted that he not tell his attorney of their conversation. In contrast, in the instant case Mr. Jones’ fiancee, wearing a wire at law enforcement’s behest, simply encouraged Mr. Jones to tell her the truth and informed him that she would be talking to the police and would not lie to them. In *244 our view, use of this ploy does not constitute a due process violation based on gross deception.
Further, we note that Mr. Jones’ Sixth Amendment right to counsel was not violated as a result of the tactic employed by law enforcement. This is because at the time Mr. Jones made incriminating statements to his fiancee, he was in jail on unrelated charges and had not yet been arrested or charged with the crimes involved in the instant case. See Illinois v. Perkins, 496 U.S. 292, 299, 110 S.Ct. 2394, 110 L.Ed.2d 243 (1990)(holding that the Sixth Amendment right to counsel was not implicated when the suspect made incriminating statements to an undercover agent posing as the suspect’s cellmate because charges had not yet been filed against the suspect on the subject of the conversations).
Under these facts, the trial court did not abuse its discretion in denying Mr. Jones’ suppression motion.
AFFIRMED.
W. SHARP, and GRIFFIN, JJ., concur.

. §§ 782.07, 812.13(2)(c), Fla. Stat. (1999).