780 So.2d 1040 (2001)
Tommy STYLES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3894.
District Court of Appeal of Florida, Fourth District.
April 4, 2001.
Carey Haughwout, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and August A. Bonavita, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
The issue in this case is whether the state was required to disclose the identity of a confidential informant whose purchase of drugs from appellant formed the basis for appellant's conviction of delivery of cocaine. Because a well established line of authority requires disclosure in these circumstances, we reverse.
In an unmarked car, Detective Ryan Hyatt drove a confidential informant to an apartment building. The detective gave the informant a twenty dollar bill and told him to make a drug buy at apartment number four. The informant parked the car about fifteen to twenty feet from the building and walked directly to apartment four. A black male answered the door and spoke briefly with the informant before handing him two cocaine rocks in exchange for the twenty dollar bill.
After the informant received the cocaine, he returned directly to the car where Detective Hyatt had been watching the transaction. The detective was able to see the drug exchange from this vantage point. The detective took the cocaine rocks from the informant and signaled the arrest team to arrest the black male for selling cocaine. Hyatt described the seller and told the arrest team that he was in apartment four.
The arrest team found appellant standing in the doorway of apartment four. He matched the description given by Detective Hyatt. When arrested, appellant had in his right hand the twenty dollar bill used in the transaction. At the scene, Detective Hyatt identified appellant as the same man who handed the informant the cocaine rocks.
*1041 Prior to trial, appellant moved to disclose the name and address of the confidential informant. In his affidavit supporting the motion, appellant claimed that he was not present during the delivery of drugs to the confidential informant and asserted that the police misidentified him at the time of his arrest. The trial court denied the motion. Again at trial, appellant moved to disclose the identity of the informant. The trial judge denied the motion.
In Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court held that disclosure of a confidential informant is required if an informant's identity, or the contents of his communication, "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." See Miller v. State, 729 So.2d 417, 419 (Fla. 4th DCA 1999). Roviaro established an exception to the state's limited privilege to withhold the identity of a confidential informant. See State v. Zamora, 534 So.2d 864, 867 (Fla. 3d DCA 1988).
This case involves the second alternative component of the Roviaro exception, where disclosure is "deemed essential in order to guarantee the defendant his due process right to a fair trial." Zamora, 534 So.2d at 869. Florida cases ordering disclosure for this reason "have centered around the defendant's right to be informed of the crime with which he is charged or to confront the witnesses against him." Id. As the third district wrote, it has "been held that disclosure of a confidential informant is absolutely required where the defendant is charged with selling or delivering illegal drugs to the subject informant." Id. (citing Roviaro, 353 U.S. at 64, 77 S.Ct. 623); see Miller, 729 So.2d at 420; Monserrate v. State, 232 So.2d 444 (Fla. 3d DCA 1970).
Factually, this case is similar to Roviaro. In both cases, police officers watched an informant purchase drugs from a defendant, the police recovered the drugs soon after the transaction, and the police identified the defendant as the person who delivered the drugs. The Supreme Court in Roviaro required the government to disclose the informant's identity, observing that since the informant was the "sole participant, other than the accused, in the transaction charged," the informant "was the only witness in a position to amplify or contradict the testimony of government witnesses." 353 U.S. at 64, 77 S.Ct. 623. Under such circumstances, the Supreme Court ruled that
[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.
Id.
Because the crime in this case involved the delivery of cocaine directly to the informant, this case falls within the exception to the limited informant privilege described by Zamora and applied by this court in Miller. If one goal of the privilege is to preserve the anonymity of those helping the police, that aspect is not implicated here. See Roviaro, 353 U.S. at 59, 77 S.Ct. 623; Harrington v. State, 110 So.2d 495, 497 (Fla. 1st DCA 1959). Unlike a tipster who provides information to the police to establish probable cause for a search or arrest, the informant in this case disclosed his identity by coming face to face with the defendant to purchase drugs.
We therefore reverse the conviction and remand for a new trial, where the state must respond to the discovery requests concerning the confidential informant.
We note that because due process considerations compel disclosure in this case, the trial court is not required to conduct an in-camera review to determine whether the informant "has valuable testimony for the defense." Zamora, 534 So.2d at 869.
WARNER, C.J., and HAZOURI, J., concur.