816 So.2d 1177 (2002)
Everette FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-1911.
District Court of Appeal of Florida, Second District.
May 22, 2002.
*1178 James Marion Moorman, Public Defender, and Richard P. Albertine, Jr., Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Cerese Crawford Taylor, Assistant Attorney General, Tampa, for Appellee.
PARKER, Judge.
Everette Foster appeals his judgment and sentence for two counts of sale of cocaine and two counts of possession of cocaine. Of the three issues Foster raised, we agree that this case must be reversed for failure of the trial court to require disclosure of the identity of the confidential informant (CI).
In this case, Officer Williams first directed the CI to approach a residence and purchase cocaine with police funds. Thereafter, the CI and Officer Williams returned to the same residence where both the CI and Officer Williams purchased cocaine. Based on Officer Williams' identification of Foster as the seller, Foster was arrested nine months later.
Prior to trial, Foster filed a written motion to compel disclosure of the CI's identity based on the belief that the CI could "provide testimony as to description and identity that will support the defendant's assertion that he was incorrectly identified by Officer Williams." Officer Williams had identified Foster as the person who sold cocaine to Williams and the CI on August 10, 1998. Foster asserted that he did not sell cocaine to anyone on that date. The trial court conducted an in-camera hearing with the CI and then denied the defense motion to compel disclosure because the court did not find that anything in the CI's testimony was exculpatory or would tend to favor Foster's position on the issue of identification.
In Roviaro v. United States, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), the Supreme Court explained that the government has a "privilege to withhold *1179 from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." The purpose of the privilege is to aid in effective law enforcement for the protection of the public interest. Id. The privilege, however, is not absolute. The Roviaro Court held that "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61, 77 S.Ct. 623. Thus, relevance of the CI's identity and due process are the two Roviaro components which must be addressed in this case. Here, the court held an in-camera hearing because under this first Roviaro component, Foster raised the specific defense of misidentification. After the hearing, the court denied disclosure because it determined that the CI's testimony was not exculpatory and did not tend to favor Foster's misidentification defense. The record of that hearing reflects that the CI testified that he felt that if he saw the person again, he could identify that person.
The State relies upon McCray v. State, 730 So.2d 817, 818 (Fla. 2d DCA 1999), where this court reversed and remanded for an in-camera inspection for the trial court to "determine if the confidential informant's testimony tends to exculpate Mr. McCray on the misidentification issue or varies materially from the testimony of the police officer who identified Mr. McCray at trial." In McCray, the CI was present when the crime occurred but was not the purchaser. In contrast, the State charged Foster with selling cocaine to the CI, in addition to selling cocaine to the officer.
Thus, the facts of this case also fall under the second Roviaro component. In State v. Zamora, 534 So.2d 864, 869 (Fla. 3d DCA 1988), the Third District explained that under the second, or due process, component of Roviaro that:
[T]he cases which have ordered such disclosure have centered around the defendant's right to be informed of the crime with which he is charged or to confront the witnesses against him. Inasmuch as this component has nothing to do with whether the confidential informant has valuable testimony for the defense, the courts have not ordered in camera review of such testimony; in camera review has been confined exclusively to the first alternative component of the Roviaro exception.
It has accordingly been held that disclosure of a confidential informant is absolutely required where the defendant is charged with selling or delivering illegal drugs to the subject informant, Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Monserrate v. State, 232 So.2d 444 (Fla. 3d DCA 1970)....
In Styles v. State, 780 So.2d 1040 (Fla. 4th DCA 2001), the Fourth District addressed the second Roviaro component dealing with the defendant's due process right to a fair trial. The court reversed the defendant's conviction and held that the State was required to disclose the CI's identity because the CI's purchase of drugs from the defendant was the basis for the defendant's conviction for delivery of cocaine. The Styles court noted that the facts there were similar to Roviaro: "In both cases, police officers watched an informant purchase drugs from a defendant, the police recovered the drugs soon after the transaction, and the police identified the defendant as the person who delivered the drugs." Id. at 1041. In fact, in Roviaro, the Court noted that the government did not "defend the nondisclosure of [the informant's] identity with respect to Count 1, *1180 which charged a sale of heroin to [the informant], but it attempts to sustain the judgment on the basis of the conviction on Count 2, charging the illegal transportation of narcotics." 353 U.S. at 58-59, 77 S.Ct. 623 (footnote omitted). The Court held that the trial court committed prejudicial error by allowing the government to withhold the CI's identity. The Court noted that the CI may have thrown doubt on the defendant's identity, among other issues, and explained that "[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide." 353 U.S. at 64, 77 S.Ct. 623.
According to Officer Williams, the basis for one of the sale of cocaine counts was Foster's sale to the CI. As in Roviaro and Styles, the accused should have decided whether to call the CI as a witness, or at least had the opportunity to interview the CI in preparation for trial. Thus, we reverse Foster's judgment and sentence and remand for a new trial before which the State must disclose the identity of the CI to the defense.
Because this case must be reversed and remanded for a new trial, we need not reach the question Foster raises as to whether it is fundamental error for the trial court to fail to give the Chicone[1] jury instruction on knowledge of the illicit nature of the substance. On remand, the trial court must give a Chicone instruction that knowledge of the illicit nature of the substance is an element of possession of a controlled substance. See Scott v. State, 808 So.2d 166 (Fla.2002). In addition, the trial court must give a Medlin[2] instruction stating that one who is in actual possession of a controlled substance is presumed to be aware of its illicit nature. Id.; McMillon v. State, 813 So.2d 56 (Fla.2002).
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.
NOTES
[1] Chicone v. State, 684 So.2d 736 (Fla.1996).
[2] State v. Medlin, 273 So.2d 394 (Fla.1973).