939 So.2d 338 (2006)
JOSEPH HARRIS, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D05-632.
District Court of Appeal of Florida, Fourth District.
October 18, 2006.
James O. Walker, III, Fort Lauderdale, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, J.
We deny Harris' motion for rehearing, but withdraw our opinion of March 29, 2006, and substitute the following opinion:
Harris was convicted of possession of cocaine with intent to deliver/sell. He contends that the trial court erred in denying his motion for disclosure of the identity of a confidential informant. We affirm.
We conclude that the failure to disclose the informant's identity in this case did not infringe on the right to disclose recognized in Roviaro v. United States, 353 U.S. 53 (1957), as there was no showing of a colorable entrapment defense and mere speculation that the informant's testimony would be useful.
Although Harris argues that an exchange of drugs and money took place between the informant and a perpetrator, the record reflects that the informant's role at the scene was insignificant. DEA agent Kim Wright testified that she was acting undercover with an informant in conjunction with the Fort Lauderdale police. She drove with the informant to Harris' residence seeking to purchase crack cocaine. She was in the driver's seat, and the informant was in the passenger seat. There was a device in the car that allowed other officers to listen.
When Wright and the informant pulled up, Harris approached the informant's side of the car. The informant told Harris that Wright wanted to buy crack cocaine. Harris went inside the house and returned with the drugs. He approached on the passenger side and handed the crack cocaine to the informant, who immediately passed it to Wright. The tape recording of the incident was published to the jury.
After the state rested, defense counsel advised the court that it wanted to call the confidential informant but did not have him under subpoena because, pursuant to the prior order denying the motion, the identity of the informant was not disclosed. Harris did not testify, but contends that the unknown informant would support defense counsel's argument that Harris did not sell cocaine to either Wright or the informant and, also, that any criminal act originated with the police and the informant.
A trial court's discovery orders are reviewed for an abuse of discretion. Gold, Vann & White, P.A. v. DeBerry By and Through DeBerry, 639 So. 2d 47, 56 (Fla. 4th DCA 1994).
Florida law recognizes a limited privilege for the state to withhold the identity of a confidential informant. Florida Rule of Criminal Procedure 3.220(g)(2), Informants, states that "Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant." Fla. R. Crim. P. 3.220(g)(2).
In Roviaro, the Supreme Court recognized the government's privilege to withhold from disclosure the identity of persons who furnish information to law enforcement officers. However, the government's privilege gives way to a defendant's rights where the disclosure of the informant's identity would be relevant and helpful to the defense and where the disclosure is essential to a fair determination of the case. The Supreme Court concluded:
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.
353 U.S. at 62.
In State v. Zamora, 534 So. 2d 864, 867-68 (Fla. 3d DCA 1988), the court explained the underlying rationale for the exception to the state's privilege:
notwithstanding the important public policy considerations which support the privilege of nondisclosure, these considerations cannot prevail where such nondisclosure either runs a substantial risk of convicting an innocent person or substantially threatens the accused's due process right to a fair trial. Moreover, it is clear that `the burden is upon the defendant claiming [the aforesaid] exception to the rule [of nondisclosure] to show why an exception should be invoked.'
Factors the trial court should consider in determining whether the identity of the informant should be disclosed "include, but are not limited to, whether the prosecutor must refer to the informer in the presentation of the case, whether the informer was an active participant in the offense charged or whether he simply supplies a lead, whether the accused admits or does not deny guilt, and whether there is independent evidence of the accused's guilt." Rowell v. State, 382 So. 2d 886, 887 (Fla. 1st DCA 1980)(citing Treverrow v. State, 194 So. 2d 250 (Fla. 1967)).
"Absent allegations of a specific defense sought to be established through the confidential informant, the privilege of nondisclosure must not be invaded. A bare allegation that the defendant cannot prepare his case without disclosure is insufficient. Mere speculation that the confidential informant's testimony would be useful is insufficient." State v. Mashke, 577 So. 2d 610, 612 (Fla. 2d DCA 1991)(citations omitted). "The defendant must make a preliminary showing of the colorability of the defense prior to disclosure." State v. Hernandez, 546 So. 2d 761, 762 (Fla. 2d DCA 1989)(citing State v. Acosta, 439 So. 2d 1024 (Fla. 3d DCA 1983)).
In Roviaro, the drug transaction was exclusively between the defendant and the informant, although one officer was hiding in the informant's car trunk and others were following. There, the court stated,
The materiality of John Doe's possible testimony must be determined by reference to the offense charged . . . and the evidence relating to that count. The charge is in the language of the statute. It does not charge mere possession; it charges that petitioner did `fraudulently and knowingly receive, conceal, buy and facilitate the transportation and concealment after importation of . . . heroin, knowing the same to be imported into the United States contrary to law. . . .' While John Doe is not expressly mentioned, this charge, when viewed in connection with the evidence introduced at the trial, is so closely related to John Doe as to make his identity and testimony highly material.
***
The circumstances of this case demonstrate that John Doe's possible testimony was highly relevant and might have been helpful to the defense. So far as petitioner knew, he and John Doe were alone and unobserved during the crucial occurrence for which he was indicted. Unless petitioner waived his constitutional right not to take the stand in his own defense, John Doe was his one material witness. Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Durham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. . . . This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses.
Roviaro, 353 U.S. at 62-64.
In Styles v. State, 780 So. 2d 1040, 1040 (Fla. 4th DCA 2001), a detective drove an informant to an apartment building, gave him money, and told him to make a drug buy at a certain apartment. After the informant completed the transaction, he directly returned to the car where the detective had been observing the transaction. Id. The detective then sent the arrest team to arrest the defendant. Id.
In reversing the conviction, we found that, as in Roviaro, disclosure was "deemed essential in order to guarantee the defendant his due process right to a fair trial." Id. at 1041 (quoting Zamora, 534 So. 2d at 869). We recognized that "`disclosure of a confidential informant is absolutely required where the defendant is charged with selling or delivering illegal drugs to the subject informant.'" Id.
We deem Roviaro and Styles distinguishable. In State v. Carnegie, 472 So. 2d 1329, 1329 (Fla. 2d DCA 1985), a detective, together with an informant, met with the appellant to procure contraband drugs. The court stated, "[t]he conclusory contention set forth in Carnegie's motion that non-disclosure of the informant's identity `would directly affect the Defendant's opportunity to establish possible defenses,' is wholly inadequate in overcoming preservation of the state's privilege." Id. at 1330 (citation omitted). The court continued, "Here, unlike that which occurred in Roviaro, at no pertinent time was Carnegie alone with the informant; on each occasion the detective was present. Thus, it cannot be said that the informant was the sole material witness to the events without whose testimony Carnegie would be denied the right to examine his accuser. Carnegie's unembellished contentions are insufficient to satisfy his burden." Id.
In essence, Harris made an insufficient preliminary showing of the colorability of his defense, or that the testimony of the informant would vary materially from that of the police. In Roviaro, the appellant and the informant were alone during the transaction; here, the informant was simply a conduit. Styles also involved a situation where the informant and the accused were the only participants to the transaction, necessitating disclosure. Here, the sale was directly to the law enforcement officer. Additionally, there is simply speculation by defense counsel that the informant's testimony could possibly support the attorney's contention that Harris was not the individual involved in the transaction. Further, other than noting that the incident was initiated by the police, the defense of entrapment is not mentioned or supported, nor is there more than mere speculation that the informant would add anything to the known facts. To the contrary, here, there is no evidence of an asserted defense.
We also note that Harris asserted in an affidavit in support of the motion to disclose that he thought he was at work when the transaction occurred, but he does not argue that there were any witnesses he could call in support of that claim, nor was alibi raised as a defense. We also note that neither party in this case sought an in camera review, nor does either party raise the failure to hold an in camera as an issue on appeal.
As to all other arguments we also find no abuse of discretion. Therefore, the judgment and sentence are affirmed.
MAY, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
I must admit that I failed to grasp defendant's argument when I agreed to affirm his conviction without any opinion. Now that I understand it, I agree that it has merit. I would grant rehearing and reverse for a new trial.
The majority says that Roviaro[1] and Styles are distinguishable but their attempt to do so actually shows that they are not materially different in any meaningful way. As Judge Gross explained in Styles:
"Factually, this case is similar to Roviaro. In both cases, police officers watched an informant purchase drugs from a defendant, the police recovered the drugs soon after the transaction, and the police identified the defendant as the person who delivered the drugs. The Supreme Court in Roviaro required the government to disclose the informant's identity, observing that since the informant was the `sole participant, other than the accused, in the transaction charged,' the informant `was the only witness in a position to amplify or contradict the testimony of government witnesses.' Under such circumstances, the Supreme Court ruled that
[t]he desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.
Because the crime in this case involved the delivery of cocaine directly to the informant, this case falls within the exception to the limited informant privilege. . . . If one goal of the privilege is to preserve the anonymity of those helping the police, that aspect is not implicated here. Unlike a tipster who provides information to the police to establish probable cause for a search or arrest, the informant in this case disclosed his identity by coming face to face with the defendant to purchase drugs." [c.o.]
Styles v. State, 780 So.2d 1040, 1041 (Fla. 4th DCA 2001).
As in Roviaro and Styles, the informant here participated in the crime itself, rather than merely furnishing a tip to establish probable cause for a warrant. The informant handled the drug buy, did the speaking to the person selling the drugs, received the drugs directly from the seller, and in turn delivered the substance to the police. Defendant's contention here is that police have the wrong man. The informant is thus in exactly the same situation as the informants in Roviaro and Styles. Because the informant dealt directly with the person selling the drugs, if it really was defendant, the cat is already partially out of the bag.
Roviaro makes clear that it is not relevant to disclosure whether the informant will actually be called by defendant to testify at trial:
"Petitioner's opportunity to cross-examine Police Officer Bryson and Federal Narcotics Agent Durham was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction. [The informant] had helped to set up the criminal occurrence and had played a prominent part in it. His testimony might have disclosed an entrapment. He might have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who might have testified to petitioner's possible lack of knowledge of the contents of the package that he `transported' from the tree to [the informant's] car. The desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide."
353 U.S. at 64. As Roviaro further emphasized:
"Finally, the Government's use against petitioner of his conversation with [informant] . . . emphasizes the unfairness of the nondisclosure in this case. The only person, other than petitioner himself, who could controvert, explain or amplify [the] report of this important conversation was [the informant]. Contradiction or amplification might have borne upon petitioner's knowledge of the contents of the package or might have tended to show an entrapment."
Id. All of these considerations from Roviaro apply in this case.
It is said that defendant made an "insufficient preliminary showing of the colorability of his defense," that the informant was merely a conduit. The jury might well have so concluded if defendant presented a full defense after taking a discovery deposition of the informant and was able to make full use of anything gleaned from it. But Roviaro merely requires that the information might have affected defendant's presentation of evidence. 353 So.2d at 64 ("His testimony might [e.s.] have disclosed an entrapment. He might [e.s.] have thrown doubt upon petitioner's identity or on the identity of the package. He was the only witness who might [e.s.] have testified to petitioner's possible lack of knowledge of the contents of the package that he `transported' from the tree to [the informant's] car."). It does not require a defendant seeking the identity of an informant to show that it probably will affect the evidence at trial. 353 So.2d at 64 ("The desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.").
Neither can the propriety of disclosing the informant turn on whether defendant has already presented "evidence of an asserted defense." After all, the error here is in failing to give the name of the informant to exhaust that source of "evidence of an asserted defense." For that reason also, the failure to ask for an in camera inspection is illogical and unfair.
I would reverse for disclosure of the informant and a new trial.
NOTES
[1] Roviaro v. United States, 353 U.S. 53 (1957).