DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KEITH LONDON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2211

[March 7, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case No. 14-16905 CF10A.

Cullin O'Brien of Cullin O'Brien Law, P.A., Fort Lauderdale, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant, who was convicted of multiple charges related to an armed burglary, raises nine issues in his brief, seeking reversal of his convictions and sentences. Taken in context of the proceedings, we conclude that any errors established by appellant were harmless beyond a reasonable doubt. We therefore affirm.

The state charged appellant with multiple counts related to a burglary which he committed with a co-defendant, including armed burglary with a mask; burglary with a battery on the victim husband; attempted robbery with a firearm and mask on the victim wife; armed false imprisonment with a mask of the victim wife; aggravated battery with a deadly weapon and mask on the victim wife; possession of a firearm by a convicted felon; attempted strong arm robbery of the victim husband; and burglary of a conveyance owned by the victim husband. We briefly set forth the salient facts of the incident reflected in the trial testimony.

The co-defendant, Eric Mobley, was an employee of the victims, who were husband and wife. The victims lived in a concrete, house-like structure in a high-end RV park. They parked their RV in their driveway. At trial, the victims testified that on the night of the burglary, the wife was accosted outside her RV by two men, one of whom she recognized as Mobley. She did not recognize the second man. The second man hit her a few times in the head with a gun and demanded to know where her money and jewelry were hidden. The victim wife told the men that the valuables were in the RV. She walked with them towards the RV, unlocked the door, and then ran away towards the community's entrance. The second man caught her and made her lie on the ground. He then instructed Mobley to go back for the jewelry.

Mobley went back to the victims' property, and he attacked the victim husband inside his house. They fought, and the husband chased Mobley to the gate of the community. There, he saw his wife covered in blood. Both men fled the scene. While the RV was ransacked, no jewelry was taken. Mobley was arrested the same night.

Surveillance cameras on the property showed Mobley and a second man attacking the wife. The wife assumed that another fired employee named Robert was involved in the crime. However, she testified at trial that the man with the gun who accosted her was not Robert. She could not identify the second man on the video. The husband testified that he never saw the second man at the scene. He only saw the second person involved when he viewed the surveillance video.

After he entered a plea to his own charges from the burglary, Mobley testified at appellant's trial. He explained that he went to the victims' residence with appellant thinking he was going to steal their Segway. He did not know that appellant had a gun until appellant pulled it out and told Mobley that they were going to take the victims' jewelry and money. He then testified about appellant's actions, including appellant's pistol-whipping of the wife. He made an in-court identification of appellant as his accomplice.

Following this testimony, the State introduced a video recording of a conversation between the appellant and a confidential informant (CI). According to the probable cause affidavit, the CI had met appellant and Mobley while they were in the county jail on other charges. The CI was not placed in the jail to work in his capacity as a CI. After learning that appellant was a suspect in the burglary, the CI approached the police about appellant. The police arranged to install a video in the CI's vehicle.

2

While both appellant and the CI were sitting in the car using drugs and being videotaped, appellant described many of the specific details of the crime which were identical to the testimony of the victims and Mobley. The jury viewed the video.

After the State rested, appellant unsuccessfully moved for judgment of acquittal on all counts. The appellant chose not to testify, and he renewed all of his prior motions. During closing argument, the State made a number of comments which the appellant now argues amounted to cumulative, fundamental error. The jury found the appellant guilty of all counts, except for possession of a firearm by a convicted felon, which was nolle prossed. Appellant, a habitual felony offender, was sentenced to life in prison. He now appeals.

Appellant claims that the court should have suppressed the video of his statement to the CI, arguing that his constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments were violated because the CI neither told him that he worked for law enforcement nor read him his *Miranda* rights. In particular, appellant claims he was deprived of his right to counsel prior to his statement to the CI. He relies on *Malone v. State*, 390 So. 2d 338 (Fla. 1980), in which the supreme court held that statements made by a defendant in the absence of counsel to a cellmate informant, *while the defendant was in custody on the charges* and where law enforcement directly orchestrated the conditions leading to the statement, should have been suppressed. However, *Malone* is inapplicable, because in this case, appellant was not in custody nor had he even been arrested for the charges when he confessed. He was not entitled to Sixth Amendment protection under these circumstances. *See Illinois v. Perkins*, 496 U.S. 292, 298-99 (1990) (holding admission of appellant's statements did not violate his Sixth Amendment right to counsel, where officer posed as appellant's cellmate and asked him questions designed to elicit an incriminating response, because suspect was not yet charged with the crime at issue); *see also Jones v. State*, 756 So. 2d 243 (Fla. 5th DCA 2000) (holding appellant's due process rights and right to counsel were not violated by the admission of his incriminating statements to his fiancé, who was wearing a police wire, because he was in jail on unrelated charges).

Appellant also contends that the court erred in denying his motion to disclose the identity of the CI. He cites no case law to support his position. Under Florida Rule of Criminal Procedure 3.220(b)(1)(G), the State must disclose "any material or information that has been provided by a confidential informant." Florida Rule of Criminal Procedure 3.220(g)(2)

provides that the State does not have to disclose a CI's identity unless the "informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant." The State correctly notes that the appellant had the burden to show that an exception to the rule of nondisclosure applied, and here the appellant has provided none. The CI did not witness the burglary, and appellant did not establish why the CI's testimony would support a defense of mistaken identity. *See State v. Mashke*, 577 So. 2d 610, 612 (Fla. 2d DCA 1991) (finding bare allegations that appellant cannot prepare his case without disclosure are insufficient); *see Harris v. State*, 939 So. 2d 338, 340-42 (Fla. 4th DCA 2006) (not cited) (finding appellant made insufficient showing that CI could testify in support of an asserted defense). Thus, the court did not err in denying the motion to disclose.

During trial, Mobley identified appellant as the second burglar on the surveillance video. Appellant objected on the ground that Mobley had testified in deposition that he had not identified appellant in any crime scene videos or photos. However, the State had not shown Mobley the surveillance video at the time of his deposition. But he testified at his deposition as well as at trial that appellant was his accomplice, and he described appellant's participation in the crimes. His testimony did not directly contradict his deposition. If there was any error by the state failing to notify appellant that Mobley would identify appellant on the surveillance video at trial, it was harmless beyond a reasonable doubt, given Mobley's testimony at his deposition identifying appellant as his accomplice. *See State v. Schopp*, 653 So. 2d 1016 (Fla. 1995).

Appellant also contends that the court erred in denying his motion for mistrial because the husband ostensibly identified him, after viewing the surveillance tape, as the man who accompanied Mobley during the commission of the crimes. Appellant argues this was improper and not disclosed prior to trial. However, the trial court concluded that the husband never said that it was appellant on the video; rather, the husband clearly testified that he never saw appellant on the night of the burglary. The court found that the husband was responding to questions by appellant's counsel in cross-examination, in which appellant was trying to impeach the husband with his prior testimony that he had not seen his wife's attacker at the scene. At trial, the husband responded to the impeachment questions that the "only way" that he saw someone else with Mobley that night was by viewing the videotape. Although defense counsel suggested to the court that the husband had pointed to appellant when stating that he had seen the second man only on the video, the trial court (who was in a far better position than we are to understand what occurred

4

at trial) concluded that the husband had not made any identification of appellant as the person with Mobley. Thus, the court denied the motion for mistrial. A court's ruling on a motion for mistrial is reviewed for an abuse of discretion and granted only when necessary to ensure a fair trial. *Salazar v. State*, 991 So. 2d 364, 371-72 (Fla. 2008). We cannot conclude that the court abused its discretion in denying the motion for mistrial.

Appellant makes several attacks on the prosecutor's closing and rebuttal arguments, none of which merit reversal. As to those which were preserved, we agree with the trial court that the prosecutor's arguments, when read in context, were not improper. As to those which were not preserved, no fundamental error occurred.

Finally, appellant challenges his multiple sentences on double jeopardy grounds. Appellant contends that his sentences for crimes against the victim wife violated double jeopardy because the acts occurred during one criminal episode. These charges included armed burglary with a mask, attempted robbery with a firearm and a mask, armed false imprisonment with a mask, and aggravated battery with a deadly weapon and a mask. Appellant further argues that his sentences for crimes against the victim husband violated double jeopardy. These counts included burglary with a battery, attempted strong arm robbery, and burglary of a conveyance.

We have reviewed the various charges and conclude that his sentences do not violate double jeopardy. Here, there were two victims and essentially two separate criminal episodes: 1) the wife was attacked and detained outside the RV; and 2) the husband was attacked inside the victims' home after the wife attempted to flee and Mobley returned to the scene. As to the charges involving the victim wife, the supreme court has held that a defendant's convictions for burglary of a dwelling, robbery with a weapon, and false imprisonment do not violate double jeopardy, even when those offenses were committed during one criminal episode. *See State v. Smith*, 840 So. 2d 987 (Fla. 2003). Also, the burglary with a battery and attempted robbery charges involving the husband did not violate double jeopardy. *McCloud v. State*, 208 So. 3d 668 (Fla. 2016) (noting "burglary and robbery both require proof of an element unique to each offense"); *see also McAllister v. State*, 718 So. 2d 917, 918-19 (Fla. 5th DCA 1998) (conviction for robbery was not subsumed for double jeopardy purposes within conviction for burglary with battery). Furthermore, as to the charge of burglary with a battery on the husband, appellant was charged as a principal in the first degree to Mobley's battery of the husband inside the victims' home. *See* §§ 777.011, 810.02(2)(a), Fla. Stat. (2015). Thus, the charge of burglary of a conveyance contained an element

that the other burglary charges did not, namely entry into the unoccupied RV.  § 810.02(4)(b), Fla. Stat. (2015).

We affirm as to any other issues not specifically addressed in this opinion.  For the foregoing reasons, we affirm both the convictions and sentences.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***