# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-208
Lower Tribunal No. F20-9309

_____

**The State of Florida,**
Petitioner,

vs.

**Tyquane Williams,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Robert T. Watson, Judge.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for petitioner.

Kenneth P. Speiller, for respondent.

Before LOGUE, C.J., and GORDO and LOBREE, JJ.

LOGUE, C.J.

The State seeks certiorari relief from a non-final order granting Defendant Tyquane Williams' motion for disclosure of the identity of a confidential informant in a pending criminal prosecution. Because the trial

court did not depart from the essential requirements of the law, we deny the petition.

## Background

Williams was charged in a seven-count information with three counts for sale of a controlled substance within 1000 feet of a church in violation of section 893.13(1)(e)(2), Florida Statutes; three counts for sale of a controlled substance on public housing property in violation of section 893.13(1)(f)(1), Florida Statutes; and one count for trafficking phenethylamine over ten grams in violation of section 893.135(1)(k)(2)(a), Florida Statutes.

The charges stem from incidents that occurred on July 2, 2019, July 15, 2019, and August 7, 2019, when the City of Miami Police Department sent a confidential informant to purchase illegal narcotics from Williams. In each transaction, the confidential informant was the sole participant. The confidential informant was equipped with an audio and video recording device during each transaction. Law enforcement officers also observed each transaction from afar and were able to listen to conversations between the confidential informant and Williams.

Williams filed a verified motion to compel disclosure of the identity of the State's confidential informant. He argued disclosure was required to prevent infringement of his constitutional rights to confrontation and due

process because he was being accused of selling drugs directly to the confidential informant, the only active participant in the alleged drug transactions.

The State filed a response and argued Williams had not established that the confidential informant's identity was relevant to a specific defense or essential to a fair determination of the case. The State further averred that, as of the filing of the response, it had not listed the confidential informant as a witness and did not intend to call the confidential informant as a witness at a hearing or trial. Finally, the State argued its case does not rely solely on the testimony of the confidential informant because it possessed the audio-video recorded conversations and transactions, which would substitute for the witness.

The State intends to introduce the audio-video recorded interactions at trial pursuant to a "silent witness" theory and asserted that it was "not introducing testimonial evidence from the confidential informant against the Defendant." Instead, the State argued it would introduce the audio-video recording of Williams as a party opponent admission, and any statements made by the confidential informant would be conversations that placed Williams' statements into context.

3

The trial court conducted a hearing on Williams' motion and viewed the audio-video recordings provided by the State. At the conclusion of the hearing, the trial court ordered disclosure of the confidential informant's identity. The trial court reasoned that binding case law required disclosure because the confidential informant was the sole participant other than the accused in the three transactions charged and, therefore, the only witness able to amplify or contradict the testimony of the State's witnesses.

The trial court further concluded there was no exception in the precedential case law precluding disclosure in situations where the transactions were recorded and declined to carve out such an exception. Nevertheless, having viewed the audio-video recordings proffered by the State, the trial court noted that they favored, rather than precluded, disclosure because they failed to show several of the transactions that formed the basis of the seven-count information against Williams.

## Analysis

A non-final order granting a motion to disclose the identity of a confidential informant "is reviewable by certiorari, as it presents the possibility of irreparable harm." State v. Rivas, 25 So. 3d 647, 650 (Fla. 4th DCA 2010) (citing State v. Ayala, 713 So. 2d 1050, 1051 (Fla. 3d DCA 1998); State v. Roberts, 686 So. 2d 722, 723 (Fla. 2d DCA 1997)). See also State

4

v. Burgos, 985 So. 2d 642 (Fla. 2d DCA 2008) (quashing order requiring the disclosure of the identity of a confidential informant); State v. Borrego, 970 So. 2d 465 (Fla. 2d DCA 2007) (same). "Rulings as to the necessity of providing the names and addresses of witnesses for the defendant to have a fair trial are rulings which must of necessity rest upon the broad discretion of the trial court." State v. Jones, 247 So. 2d 342, 343 (Fla. 3d DCA 1971).

While it is well settled in Florida that the state has a limited privilege to withhold the identity of a confidential informant, it is equally well settled in Florida that this limited privilege must give way under certain compelling circumstances. State v. Zamora, 534 So. 2d 864, 867 (Fla. 3d DCA 1988). In Roviaro v. United States, 353 U.S. 53, 60-61 (1957), the Supreme Court held that disclosure of a confidential informant is required if an informant's identity "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause[.]"

Williams argues Roviaro's second exception here. This exception "necessarily concentrates on general due process considerations and is not confined to a defense raised by the defendant in the case[.]" Zamora, 534 So. 2d at 868. Florida courts have ordered the disclosure of a confidential informant's identity under this exception where disclosure was deemed essential to guarantee the defendant his due process right to a fair trial. Id.

at 867-68 (listing cases). Such cases have centered around the defendant's right to be informed of the charges against him or to confront the witnesses against him. Id. at 869. Notably, "this component has nothing to do with whether the confidential informant has valuable testimony for the defense[.]" Id.

In Roviaro, the defendant was convicted of selling heroin to a confidential informant. Roviaro, 353 U.S. at 55. During the transaction, an officer was in the trunk of the confidential informant's vehicle where he could hear the conversation between the confidential informant and the defendant. Id. at 56-57. The officer was also able to raise the lid of the trunk slightly and observe the defendant pick up the drugs and bring them over to the confidential informant's vehicle. Id. at 57. Meanwhile, another officer was standing on the sidewalk about 100 feet from the confidential informant's vehicle and also observed the defendant pick up the drugs and bring them over to the confidential informant's vehicle. Id.

Both officers testified at trial and yet, despite having testimony of what the officers saw and heard during the drug transaction, the Supreme Court nevertheless held that the trial court committed prejudicial error in allowing the government to withhold the identity of its confidential informant. Id. at 64-65. In doing so, the Supreme Court emphasized that the confidential

6

informant "had helped to set up the criminal occurrence and had played a prominent part in it"; that as far as the defendant knew, he and the confidential informant "were alone and unobserved during the crucial occurrence for which he was indicted"; that the confidential informant was the defendant's "one material witness"; and that the defendant's opportunity to cross-examine the officers in question "was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction." Id. at 64. The Supreme Court concluded that "[t]he desirability of calling [the confidential informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the [g]overnment to decide." Id.

In Styles v. State, 780 So. 2d 1040 (Fla. 4th DCA 2001), a detective sent a confidential informant to purchase drugs while he observed from his vehicle parked about fifteen to twenty feet away. The detective was able to see the drug exchange from his vantage point. Id. at 1040. The Fourth District nevertheless similarly held it was error for the trial court to deny the defendant's motion to disclose the identity of the confidential informant. Id. at 1041. Citing Roviaro, the Fourth District explained that due process considerations compelled disclosure because the crime involved the delivery

7

of drugs directly to the informant, thus rendering the case within the exception to the limited informant privilege. Id.

The Styles court further reasoned that the goal of preserving the anonymity of confidential informants is not implicated in situations in which the informant is the sole participant in the transaction charged. Id. This is because, unlike a tipster who provides information to the police, the informant in such situations has already disclosed his or her identity by coming face to face with the defendant to purchase drugs. Id.

Ultimately, Roviaro and Styles establish that, as this Court previously stated in Zamora, disclosure of a confidential informant is "required where the defendant is charged with selling or delivering illegal drugs to the subject informant" and the informant is the sole participant in the transaction. Zamora, 534 So. 2d at 869. See also Monserrate v. State, 232 So. 2d 444 (Fla. 3d DCA 1970) (holding that where state offered proof of defendant's sale of heroin to a police informant, refusal to require state to divulge to defendant's counsel name of police informant to whom sale was allegedly made was prejudicial error).

It cannot be said, therefore, that the trial court here departed from the essential requirements of law in ordering disclosure of the confidential informant's identity as Williams is charged with seven substantive counts of

selling controlled substances to the confidential informant, the only other participant in the transactions.

Despite this clearly established principle of law, we note that the State argues in its petition that the audio-video recordings of the transactions at issue render Roviaro distinguishable. In support of this proposition, the State relies on federal district court orders. See United States v. DeAraujo, 471 F. Supp. 3d 382, 386 (D. Mass. 2020); United States v. Royal, No. CR421-135-6, 2022 WL 677577 (S.D. Ga. Mar. 7, 2022); United States v. Cantrell, No. 1:10–Cr–00131–MHS, 2010 WL 3800684 (N.D. Ga. Sept. 23, 2010). For purposes of certiorari review, however, "[t]he term 'clearly established law' refers to 'recent controlling case law, rules of court, statutes, and constitutional law.'" State, Dept. of Revenue ex rel. Carnley v. Lynch, 53 So. 3d 1154, 1156 (Fla. 1st DCA 2011) (emphasis added) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003)). The State does not cite us to any Florida case law directly supporting its position in this regard, nor have we found any. "Accordingly, in the absence of any controlling precedent, it follows that the circuit court did not violate clearly established

law in ruling the way that it did." <u>Balzer v. Ryan</u>, 263 So. 3d 189, 191 (Fla. 1st DCA 2018).[1]

Petition denied.

LOBREE, J., concurs.

GORDO, J., concurs in result only.

---

[1] Having seen the audio-video recordings ourselves, moreover, we agree with the trial court's assessment regarding their contents.

LOBREE, J. (specially concurring)

I agree with the conclusion of the majority on this record. However, any analysis of whether a trial court properly compelled disclosure of the identity of a confidential informant "must begin with recognition of well-settled Florida law which grants the State a limited privilege to withhold the identity of its confidential informants." State v. Simmons, 944 So. 2d 1122, 1127 (Fla. 3d DCA 2006) (Rothenberg, J., concurring in part and dissenting in part) (citing State v. Hassberger, 350 So. 2d 1, 2 (Fla. 1977); State v. Diaz, 678 So. 2d 1341, 1344 (Fla. 3d DCA 1996); State v. Zamora, 534 So. 2d 864, 867 (Fla. 3d DCA 1988)). "The burden is on the defendant to establish why either or both of [the exceptions recognized in Roviaro v. United States, 353 U.S. 53, 60–61 (1957),] should be invoked." Simmons, 944 So. 2d at 1127.

In this case, Williams did not contend that disclosure of the informant's identity would aid his defense in any particular way. Rather, his motion to compel invoked the second exception to the privilege of non-disclosure based on his general rights to due process. The trial court correctly applied our existing precedent that disclosure was required under Roviaro and Zamora where the defendant is charged with selling or delivering illegal drugs to the subject informant and no officer or other witness was present.

11

In <u>Roviaro</u>, the Supreme Court of the United States noted:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

353 U.S. at 62; <u>see also</u> <u>Hassberger</u>, 350 So. 2d at 2. Here, the State contends that the holding in <u>Roviaro</u>, requiring disclosure of the subject informant's identity as necessary to the defendant's due process right to a fair trial, should be modified in favor of non-disclosure where it will introduce video and audio recordings of the transactions and does not intend to call the informant as a witness. <u>See</u> <u>United States v. DeAraujo</u>, 471 F. Supp. 3d 382, 386 (D. Mass. 2020) (finding defendant failed to meet burden to show disclosure of identity of confidential informant involved in alleged firearm sale where entire encounter was recorded by video and audio). Given the quality of the recordings in the record, I concur that the trial court did not depart from the essential requirements of the law in rejecting the State's position in this case. But in my view, the majority decision should not be read to foreclose a case-specific balancing in future cases with clear audio-visual recordings of the entirety of an alleged narcotics transaction.

12

GORDO, J., concurs.