343 So.2d 67 (1977)
Robert MUNFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 76-520.
District Court of Appeal of Florida, Second District.
February 25, 1977.
Rehearing Denied March 31, 1977.
Jack O. Johnson, Public Defender, Robert H. Grizzard, II, Asst. Public Defender, and Greg A. Johnson, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant, Robert Munford, timely appeals the judgments and sentences entered on conviction of felony possession of marijuana and sale of a controlled substance in violation of Section 893.13, Florida Statutes (1975). Appellant filed a pre-trial motion *68 to compel disclosure of the confidential informant which was denied. Appellant then pled nolo contendere to both offenses specifically reserving the right to appeal. The plea was accepted, and appellant was adjudicated guilty by the trial court. Appellant was sentenced to two concurrent three-year terms of probation upon the condition that he serve one year in the county jail, pay a fine and make restitution of money used for the drug buy.
On appeal appellant alleges that the trial court erred (1) in denying his motion to compel disclosure of the informer and (2) in imposing two separate sentences for the offenses charged which constituted a single transaction.
The motion to compel stated in pertinent part that:
1. Det. Gene E. Persinger of the Bradenton Police Department was deposed on February 17, 1976. In that depositional statement he testified that the confidential informant used in the instant case not only was physically present at the time of the alleged sale of the marijuana to Det. Pascoe, but also that on several occasions prior to the sale, the same confidential informant had approached the Defendant regarding potential deliveries of controlled substances. Det. Persinger refused to disclose to the defense the name and address of this confidential informant.
* * * * * *
3. The accused has no way of knowing or obtaining the name or learning the whereabouts of the confidential informant.
4. It is the position of the defense that the testimony of the informant is necessary and relevant to substantiate the claim of entrapment.
At the hearing on the motion the following colloquy took place.
THE COURT: ... .
You have a Motion to Compel?
MR. PLEWS [assistant public defender]: It depends on if the State will concede to the accuracy of my factual allegations.
THE COURT: Let's hear them.
MR. PLEWS: They are contained in the motion.
THE COURT: Is this yours, Mr. Buckle [assistant state attorney]?
MR. PLEWS: The allegations are roughly stated that the CI, the informant in this case hasn't been revealed to us yet, that he was present during the alleged sale, and that he was used by the officers and particularly I believe it was Gene Persinger and the CI who set the sale up and that is what we expect to prove at the evidentiary hearing, which we have legal argument based on those facts. If the State would concede those facts we will proceed into legal argument.
THE COURT: Mr. Buckle?
MR. BUCKLE: I will concede to the facts, but I will not reveal the name of the CI. ... (Bracketed material supplied; emphasis added).
There were no witnesses called by either party at the hearing, and the court after hearing the arguments of the respective counsel denied the motion.
The Supreme Court of the United States in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), established certain criteria to be weighed to determine when disclosure is required.
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.
See also Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
From the sparse record before us we believe that the facts alleged by appellant in his motion to compel discovery and the arguments presented at the hearing on the *69 motion are sufficient to suggest to the court that nondisclosure of the informant's identity would have hindered appellant's preparation of a defense, similar to the circumstances in Gilmore v. United States, 256 F.2d 565 (5th Cir.1958). It appears from appellant's motion and Detective Persinger's deposition that the informant was more than a mere tipster but was the sole moving force in arranging the buy by the officer. If this were true the informant would be valuable and material to appellant's defense. Appellant could use the informant's testimony to establish the defense of entrapment or to corroborate evidence of entrapment appellant may wish to testify to himself. See English v. State, 301 So.2d 813 (Fla.2d DCA 1975).
Nonetheless in attempting to apply the Roviaro test to the case before us we are in the same position as confronted the United States Court of Appeals, Fifth Circuit, in United States v. Fischer, 531 F.2d 783 (5th Cir.1976), wherein the court said:
[W]e are unable to conclude from this record that the informer's participation was such that fairness to the defendant would require disclosure and production regardless of any showing the government could make in opposition. We can only guess as to the substance of the testimony which this informer would give. Also, the record is silent about the interests which the government may have in resisting disclosure and production... .
The best procedure to insure that appellant's right to a fair trial is not abrogated while at the same time considering the state's interest in nondisclosure is to hold an in camera hearing as suggested in Fischer.[1]
Under the circumstances, we feel that an in camera hearing will best accommodate the competing governmental and individual interests in this case. See United States v. Doe, 525 F.2d 878 (5th Cir. 1976); United States v. Freund, 525 F.2d 873 (5th Cir.1976). Upon remand, the district judge should question the informer in camera to ascertain whether his testimony might be helpful to the defendants. The informer and government counsel should also be questioned concerning the interests which the government may have in resisting disclosure and production... .
In camera proceedings would not be required in all situations where a defendant seeks discovery of a confidential informer's identity but only where, as here, an initial showing is made that nondisclosure would hamper his defense.
Appellant's second point on appeal is not meritorious. Under Section 775.021(4), Florida Statutes (Supp. 1976) the two concurrent sentences imposed by the trial court are correct and proper.[2] In view of our decision the judgments and sentences are vacated and set aside, and appellant is to be afforded an opportunity to withdraw his plea of nolo contendere and proceed to trial.
REVERSED and REMANDED for proceedings consistent with this opinion.
GRIMES and OTT, JJ., concur.
NOTES
[1] United States v. Doe, 525 F.2d 878 (5th Cir.1976) held that this procedure is not violative of a defendant's Sixth Amendment rights.
[2] Sec. 775.021(4), Fla. Stat. (Supp. 1976) reads:

Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, [committed] during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
It became effective on October 1, 1975. Appellant committed the offense charged in this case on November 3, 1975.