357 So.2d 706 (1978)
STATE of Florida, Petitioner-Cross Respondent,
v.
Robert MUNFORD, Respondent-Cross Petitioner.
No. 51411.
Supreme Court of Florida.
April 4, 1978.
*707 Robert L. Shevin, Atty. Gen. and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for petitioner-cross respondent.
Jack O. Johnson, Public Defender, Greg A. Johnson and Robert H. Grizzard, II, Asst. Public Defenders, Bartow, for respondent-cross petitioner.
KARL, Justice.
This cause is before us on a cross-petition for writ of certiorari to review the decision of the District Court of Appeal, Second District, in Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), which is in direct conflict with the decisions of the District Court of Appeal, First District, in Montgomery v. State, 332 So.2d 679 (Fla. 1st DCA 1976), and Jackson v. State, 311 So.2d 811 (Fla. 1st DCA 1975). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution. The sole issue before us is the legality of the sentence imposed on cross-petitioner by the trial judge.
Cross-petitioner was adjudicated guilty of felony possession of marijuana and sale of a controlled substance in violation of Section 893.13, Florida Statutes (1975), and was sentenced to two concurrent three-year terms of probation. On appeal, the cross-petitioner argued, inter alia, that the trial judge's imposition of separate sentences for each offense when both offenses arose out of a single transaction constituted error. The District Court rejected cross-petitioner's argument, holding that Section 775.021(4), Florida Statutes (Supp. 1976), which permits a separate sentence to be imposed for each criminal offense arising from a single act or transaction, was controlling and the imposition of the two sentences was not error. The basis of the District Court's holding that Section 775.021(4), Florida Statutes (Supp. 1976), applied was the court's belief that the statute became effective on October 1, 1975, and, thus, was the applicable law when the cross-petitioner committed the offenses charged on November 3, 1975.
An examination of Ch. 76-66, § 2, Laws of Florida, reveals that the effective date of Section 775.021(4), Florida Statutes (Supp. 1976), is October 1, 1976. Also, both the 1976 supplement to the Florida Statutes (1975) and the 1977 supplement to Florida Statutes Annotated recite the effective date of Section 775.021(4), Florida Statutes (Supp. 1976), as being October 1, 1976. Therefore, it is apparent, and this fact is conceded by cross-respondent in its brief, that the District Court was wrong in ruling that Section 775.021(4), Florida Statutes (Supp. 1976), was applicable to the offenses committed by cross-petitioner on November 3, 1975.
Prior to October 1, 1976, the law with regard to the sentencing of an individual upon his conviction of two or more criminal offenses arising out of the same transaction was accurately reflected by the decisions in Montgomery v. State, supra, and Jackson v. State, supra, which held that upon the conviction of two or more offenses arising out of the same transaction, an individual could only be sentenced for the higher of such offenses. Although Section 775.021(4), Florida Statutes (Supp. 1976), as of October *708 1, 1976, replaced the holdings of Montgomery v. State, supra, and Jackson v. State, supra, as the controlling law on the question sub judice, the statute was not in effect on November 3, 1975, and cannot be applied retroactively to the cross-petitioner's detriment. Higginbotham v. State, 88 Fla. 26, 101 So. 233 (1924). Cross-petitioner was entitled to be sentenced pursuant to the law in effect on November 3, 1975, which required a sentence consistent with the decisions in Montgomery v. State, supra, and Jackson v. State, supra.
Accordingly, that portion of the District Court's opinion rejecting cross-petitioner's allegation of error by the trial judge in sentencing is quashed, and the cause is remanded to the District Court for further proceedings not inconsistent herewith. This Court has previously denied the petition for certiorari by order dated December 12, 1977.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.