439 So.2d 1024 (1983)
The STATE of Florida, Appellant,
v.
Jorge L. ACOSTA and Rogelio Rodriguez, Appellees.
No. 82-2512.
District Court of Appeal of Florida, Third District.
November 1, 1983.
*1025 Jim Smith, Atty. Gen., and Diane Leeds, Asst. Atty. Gen., for appellant.
Pollack, Komorowski, Headley & Surowiec and John Lipinski, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
NESBITT, Judge.
The state appeals an order dismissing an information for failure of the state to disclose the name of the confidential informant when ordered to do so by the trial court. The information charged Jorge Acosta and Rogelio Rodriguez with actual or constructive possession of a controlled substance and with intent to sell or deliver a controlled substance.
*1026 Confidential informant 358 called Sgt. Martinez and told him of a possible drug buy. The informant called one of the defendants, negotiated the price, and then put Sgt. Martinez on the phone. The time and place for the purchase were arranged. The police began surveillance which corroborated the informant's tip. Shortly before the sale was to take place, the police attempted to pull over the car in which the defendants were driving. The police opened the trunk of the car and found two boxes of quaaludes. After a short chase, the defendant Acosta was arrested. Rogelio Rodriguez fled but was arrested later that day.
The defendants filed a pretrial motion to compel disclosure of the identity of confidential informant 358. In support of this motion, the defendants alleged that the confidential informant contacted them over a period of three months before they agreed to participate in the sale, and that the defendants intended to present an entrapment defense. The trial court held that the informant's identity had to be disclosed because he was an essential witness for the defense and because the informant's statements were the sole basis for probable cause.
Public policy favors nondisclosure of the identity of a confidential informant. State v. Kirksey, 418 So.2d 1152 (Fla. 1st DCA 1982). Consequently, the state has a privilege of nondisclosure. Treverrow v. State, 194 So.2d 250 (Fla. 1967). A defendant who seeks disclosure of an informant's identity bears the burden to establish that it is necessary. See Elkins v. State, 388 So.2d 1314 (Fla. 5th DCA 1980) (failure to disclose informant's identity insufficient basis for dismissal when defendant failed to establish necessity for disclosure).
The fact that the informant provided good cause for a defendant's arrest is not enough to overcome the privilege of nondisclosure. State v. Kirksey; State v. White, 418 So.2d 411 (Fla. 2d DCA 1982); State v. Martinez, 381 So.2d 1183 (Fla. 3d DCA 1980).[1] Therefore, this was not a valid basis for the order compelling disclosure of the informant's identity. However, a defendant can sustain his burden to establish the necessity for the informant's identity by demonstrating that the informant's testimony is essential to the establishment of a defense. If a defendant needs to know the identity of the informant to present a defense, it is proper to compel disclosure of the informant's identity. Hawkins v. State, 312 So.2d 229 (Fla. 1st DCA 1975); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965).
In order to sustain this burden, a defendant first must allege a specific possible defense. The bare assertion that disclosure is needed to insure a full and adequate defense is insufficient to overcome the privilege of nondisclosure. State v. Jones, 323 So.2d 595 (Fla. 3d DCA 1975). Moreover, a defendant must make a preliminary showing of the colorability of the defense. State v. Mesa, 395 So.2d 242 (Fla. 3d DCA 1981). The instant defendants asserted they were entrapped by the informant because the informant induced them over a period of three months to participate in the crime. This assertion, if true, might constitute an entrapment defense. See Kwasniewski v. State, 303 So.2d 373 (Fla. 1st DCA 1974); Stiglitz v. State, 270 So.2d 410 (Fla. 4th DCA 1972).
In addition, a defendant must demonstrate that the testimony of the informant is essential to establish the defense. The mere possibility that disclosure of the informant's identity might aid in the defense is insufficient to support an order to reveal the identity. State v. Montalvo, 428 So.2d 695 (Fla. 2d DCA 1983). If there are other witnesses a defendant can call, disclosure may not be compelled. State v. Perez, 438 So.2d 436 (Fla. 3d DCA 1983); Drayton v. State, 372 So.2d 983 (Fla. 3d DCA 1979), overruled on other grounds in Smith v. State, 430 So.2d 448 (Fla. 1983). *1027 Likewise, if the testimony of the informant would not be relevant and material to the establishment of the defense, disclosure is not required. Doe v. State, 262 So.2d 11 (Fla. 3d DCA 1972). Disclosure is only helpful to the defense if the testimony of the informant would exculpate the defendant or materially vary from that of the police. State v. Williams, 369 So.2d 416 (Fla. 3d DCA 1979).
The appropriate procedure for determining whether the confidential informant is an essential witness for the defense is an in camera hearing. See United States v. Fischer, 531 F.2d 783 (5th Cir.1976); Coby v. State, 397 So.2d 974 (Fla. 3d DCA), pet. for review denied, 407 So.2d 1105 (Fla. 1981). See also Mingle v. State, 429 So.2d 850 (Fla. 4th DCA 1983). Before suffering the ultimate sanction of dismissal for refusing to disclose an informant's identity, the state is entitled to an in camera hearing to consider the necessity for the informant's testimony and the state's interest in nondisclosure. State v. Jimenez, 428 So.2d 356 (Fla. 3d DCA 1983). This presupposes that the defendant has met his burden to invoke an in camera hearing because the burden of proof on a defendant seeking an in camera hearing is lighter than the burden to establish the necessity to disclose the informant's identity.[2] The trial court held (at least in part) that disclosure was necessary because the informant provided probable cause. This was not a valid basis for the order to disclose. We cannot say with certainty that the record contains sufficient facts to invoke an in camera hearing, particularly when the record is so unclear as to which defendant is asserting which element of the entrapment defense. The defendants have not filed a sworn motion or affidavit. Therefore, on remand, the trial court must first determine whether the defendants are entitled to an in camera hearing.
If the court orders disclosure after an in camera hearing and the state continues to refuse to disclose the informant's identity, dismissal of the information will then be proper. State v. Weinfurt, 409 So.2d 1187 (Fla. 4th DCA 1982). Therefore, we reverse the dismissal of the information and remand for a determination whether the defendants are entitled to an in camera hearing.
Reversed and remanded.
BASKIN, Judge (concurring in part, dissenting in part).
I concur in the majority's reversal of the trial court's order of dismissal but I disagree with the majority's decision to remand, not for an in camera hearing, but for a "determination of whether the defendants are entitled to an in camera hearing".
The motion to compel alleges that disclosure is essential to the defense of entrapment and contains sufficient facts to require the court to conduct an in camera hearing. Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), rev'd. on other grounds, 357 So.2d 706 (Fla. 1978). On remand the court need only permit defendants to swear to the contents of their motion and proceed to the in camera hearing.
NOTES
[1] Furthermore, the record indicates that there was independent evidence of the defendant's guilt, beyond the informant's tip. See Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970).
[2] To invoke an in camera hearing, a defendant must file a sworn motion or affidavit alleging facts concerning the informant's involvement which, if true, would support the possibility of a specific asserted defense. Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978). The defendant need not allege all the elements of the defense; it is sufficient that the defense is possible in light of the alleged facts. See, e.g., Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), rev'd on other grounds, 357 So.2d 706 (Fla. 1978). Alternatively, the defendant's burden is met if the necessary facts are apparent from other evidence. Munford v. State, see also State v. Mesa. When it appears that a defendant may have a valid basis to invoke an in camera hearing, he is entitled to the opportunity to file a sworn affidavit alleging sufficient facts. See Riggins v. State, 374 So.2d 1126 (Fla. 1st DCA 1979). The materiality of the informant's testimony to the defense can be established in an in camera hearing, thereby sustaining the higher burden to show the need for disclosure. State v. Williams.