546 So.2d 761 (1989)
STATE of Florida, Petitioner,
v.
David C. HERNANDEZ and Carol S. Getreu, Respondents.
Nos. 88-03135, 89-00796.
District Court of Appeal of Florida, Second District.
July 12, 1989.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David R. Gemmer, Asst. Atty. Gen., Tampa, for petitioner.
Britt Whitaker, Tampa, for respondents.
PER CURIAM.
The state timely petitions this court for a writ of certiorari to review the circuit court's order granting the defendants' motion *762 for disclosure of the confidential informant. We agree that the circuit court's order departs from the essential requirements of law, grant the petition, and quash the order.
Following the execution of a search warrant, the defendants were charged with trafficking in cocaine and possession of cannabis. Defendant Hernandez was also charged with possession of a firearm during the commission of a felony. The search warrant was based upon an affidavit which contained information provided by a confidential informant.
The defendants filed a motion for disclosure of the confidential informant alleging the following:
1. The confidential informant was the sole source of the probable cause for the search warrant which was the basis for the defendants' arrest;
2. The confidential informant was an eyewitness and a participant to the alleged offense; and
3. It was necessary to depose the confidential informant to "determine his or her potentiality as a defense witness."
The state objected to the motion on the ground that the motion was totally inadequate. The defense argued that the facts showed that there was only one witness to the case, the confidential informant. The defense further argued that, on its face, the search warrant was ambiguous. The state rebutted stating that the defendants were not charged with anything that the confidential informant observed and that the confidential informant was not even a witness. The circuit court judge granted the defendants' motion for disclosure.
Following the circuit judge's ruling, but prior to rendition of the order, the state made attempts to comply with the ruling. The defendants now argue that those actions waive the state's right to seek review of the order. We reject their argument.
Disclosure of the identity of a confidential informant who merely furnished the probable cause for a search or arrest is not required. State v. White, 418 So.2d 411 (Fla. 2d DCA 1982); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Florida Rule of Criminal Procedure 3.220(c)(2), provides as follows:
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
The defendant has the burden of showing that he is entitled to an exception to the rule. Treverrow v. State, 194 So.2d 250 (Fla. 1967); State v. White, 418 So.2d 411 (Fla. 2d DCA 1982).
In order to obtain the disclosure of the confidential informant, the defendant must allege a specific defense. The mere allegation that the disclosure is necessary in order for the defendant to properly and adequately prepare for trial is insufficient. The defendant must make a preliminary showing of the colorability of the defense prior to disclosure. State v. Acosta, 439 So.2d 1024 (Fla. 3d DCA 1983). Here, the defendants failed to even swear to the facts upon which the motion to disclose was based.
The state is correct that the defendants' motion was "wholly insufficient." Accordingly, the order is quashed and the case remanded to the trial court for further proceedings.
SCHOONOVER, A.C.J., and HALL and THREADGILL, JJ., concur.