548 So.2d 284 (1989)
Oscar GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2104.
District Court of Appeal of Florida, Third District.
September 5, 1989.
*285 Bennett H. Brummer, Public Defender, and Black & Furci and Marisa Tinkler Mendez, Sp. Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
BASKIN, Judge.
Oscar Garcia appeals his conviction and sentence for conspiracy to traffic in cocaine and for possession of cocaine. We reverse.
First, we agree with Garcia's contention that the evidence was insufficient to support a conviction for conspiracy to traffic in cocaine. Conspiracy consists of "an express or implied agreement between two or more persons to commit a criminal offense. Both an agreement and an intention to commit an offense are necessary elements of this crime." Ramirez v. State, 371 So.2d 1063, 1065 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980); see also, Velunza v. State, 504 So.2d 780 (Fla. 3d DCA 1987); Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980); § 777.04(3), Fla. Stat. (1987). Conspiracy is a separate offense, two steps removed from the commission of the substantive crime that is the subject of the conspiracy. Velunza; Ashenoff; Ramirez. Thus, evidence that a defendant aided and abetted the commission of the substantive offense is insufficient to prove that the defendant participated in the conspiracy. LaPolla v. State, 504 So.2d 1353 (Fla. 4th DCA 1987); Velunza; Ashenoff; Ramirez. Evidence that the defendant also had a prior agreement with another to perpetrate the offense and intended to execute the agreement is necessary. Ashenoff; Ramirez. Here, the evidence established that Garcia was involved in the actual commission of the substantive offense, but failed to prove the elements of a conspiracy. We therefore vacate the conviction for conspiracy to traffic in cocaine.
Second, we agree that the trial court erred in failing to conduct an incamera hearing to determine whether the identity of the state's confidential informant should have been disclosed. The state has a privilege of nondisclosure of the identity of a confidential informant unless the failure to disclose the informant's identity will infringe upon the defendant's constitutional rights. Fla.R.Crim.P. 3.220(c)(2); see also Coby v. State, 397 So.2d 974 (Fla. 3d DCA), review denied, 407 So.2d 1105 (Fla. 1981) (the state's privilege of nondisclosure must give way to disclosure when necessary to ensure a fair determination of defendant's case). "Public policy favors nondisclosure of the identity of a confidential informant," and the burden is on the defendant to demonstrate that disclosure is a necessary component of the defense. State v. Acosta, 439 So.2d 1024, 1026 (Fla. 3d DCA 1983). To determine whether the identity of the confidential informant should be revealed, the trial court is required to conduct an in camera hearing when a defendant files a sworn motion or affidavit alleging facts which, if true, would demonstrate the necessity for revealing the informant's identity. Acosta; Beasley v. State, 354 So.2d 934 (Fla. 2d DCA 1978). At the hearing, the defendant must make a preliminary showing of a plausible defense and demonstrate that the identity of the informant is necessary to establish the defense. Acosta. Here, the court's refusal to entertain any motion for disclosure of the identity of the confidential informant constituted error. We therefore reverse Garcia's conviction for possession of cocaine and remand for a new trial.[1]
*286 Garcia's remaining point, violation of the speedy trial rule, lacks merit. Garcia was brought to trial within fifteen days of his motion for discharge. Fla.R.Crim.P. 3.191(i)(4).
Reversed and remanded for new trial.
NOTES
[1] Garcia also alleges the trial court erred in refusing to permit him to examine and use a sealed plea agreement between the state and a codefendant, Elizabeth Castanon, to demonstrate bias on the part of Elsa Castanon, Elizabeth's sister and the state's key witness at Garcia's trial. We disagree. Although "[t]he defense should be allowed wide latitude to demonstrate bias or possible motive for a witness's testimony," Lavette v. State, 442 So.2d 265 (Fla. 1st DCA 1983); see also, Henderson v. State, 94 Fla. 318, 113 So. 689, 695 (1927) ("It is permissible to show relations existing between a witness and the party for whom he testifies, or whether he is under personal obligations to such party, or to one as closely identified with the result of the trial as the mother, father, or wife of such party."); Armstrong v. State, 399 So.2d 953, 960 (Fla. 1981) ("If a failure to fully inform the jury of the interest of a witness could in any reasonable likelihood have affected the decision of the jury, a new trial is required."); Jones v. State, 385 So.2d 132, 133 (Fla. 4th DCA 1980) ("All witnesses are subject to cross-examination for the purpose of discrediting them by showing bias, prejudice or interest."), in this case, the court examined Elizabeth's sealed plea agreement in camera and determined that it had no effect on Elsa's testimony. Thus, the plea agreement is not relevant to show bias or motive for her testimony.