PER CURIAM.
The state petitions for the issuance of a writ of certiorari to vacate an order that granted the defendant’s motion to compel disclosure of a confidential informant. We have jurisdiction. See State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Hernandez, 546 So.2d 761 (Fla. 2d DCA 1989).
In accordance with the principles enunciated in the factually similar case of Munford v. State, 343 So.2d 67 (Fla. 2d DCA 1977), quashed on other grounds, 357 So.2d 706 (Fla.1978), we hold that the defendant made a sufficient initial showing to suggest that nondisclosure of the informant’s identity would hinder the preparation of his entrapment defense. The record, however, does not conclusively demonstrate that the defendant’s right to a fair trial outweighs the state’s interest in protecting the identity of the informer. Munford, 343 So.2d at 69. As such, we further hold that the trial court departed from the essential requirements of the law in granting the motion to compel disclosure without first conducting an in camera hearing to determine whether the informant's testimony might be helpful to the defendant.
Accordingly, we grant the petition, issue the writ, and remand the matter to the trial court with directions to vacate the order compelling disclosure of the informant's identity and for further proceedings in compliance with Munford.
RYDER, A.C.J., and DANAHY and PARKER, JJ., concur.