970 So.2d 465 (2007)
STATE of Florida, Petitioner,
v.
Raymond BORREGO, Respondent.
No. 2D06-2438.
District Court of Appeal of Florida, Second District.
December 12, 2007.
*466 Bill McCollum, Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Petitioner.
Robert R. Jacobs, II, Public Defender, and Michael Mummert, Assistant Public Defender, Fort Myers, for Respondent.
KELLY, Judge.
The State seeks certiorari review of the trial court's order requiring disclosure of the identity of a confidential informant (CI), claiming that the order is a departure from the essential requirements of law for which there would be no remedy on appeal. Where there is no adequate remedy by appeal, an interlocutory pretrial order in a criminal case is subject to certiorari review when the order departs from the essential requirements of the law resulting in a miscarriage of justice. State v. Pettis, 520 So.2d 250 (Fla.1988); State v. Storer, 920 So.2d 754 (Fla. 2d DCA 2006). That standard has been met here. Borrego failed to show that disclosure of the CI's identity was necessary to help him prepare a specific defense or to protect his constitutional rights and, therefore, the trial court departed from the essential requirements of the law in compelling disclosure.
Borrego was charged with possession and sale of marijuana after selling marijuana to a detective from the Lee County Sheriff's Office Narcotics Unit. According *467 to the probable cause affidavit, the sale was set up by a CI who telephoned Borrego and arranged the meeting time and place. The CI, equipped with a one-way radio and prerecorded U.S. currency, accompanied the undercover detective to the agreed-upon location. When Borrego arrived, the CI introduced the detective to Borrego, who proceeded to negotiate the terms of the drug sale. The detective and the CI then returned to their parked vehicle. Borrego pulled his car along side the detective's car and tossed a baggie of marijuana to the detective. The detective handed Borrego money in return. After the sheriff's department confirmed that the substance was marijuana, the detective positively identified Borrego from a photograph as the person who sold him the marijuana. Borrego was arrested and charged with possession and sale of marijuana.
The defense moved to compel the State to produce any audio or video recordings of the transaction and to reveal the name and address of the CI. At the hearing on the motion, the State argued that the defense was not entitled to the CI's identity because the CI was not involved in the actual drug transaction except to the extent that he called Borrego to set up the deal. The State explained that it was the detective who completed the transaction and that the CI was not going to be called as a witness at trial. Nevertheless, the trial court granted the motion to compel disclosure.
The State has a limited privilege to withhold the identity of persons who provide law enforcement officers with information about criminal activity. See Roviaro v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Because the State has the privilege of nondisclosure, the burden is on the defendant claiming an exception to the rule to show why he is entitled to disclosure. Treverrow v. State, 194 So.2d 250, 252 (Fla.1967). The State's privilege of nondisclosure may be overcome when an informant's identity or the content of the informant's communication would be relevant and helpful to a specific defense or when disclosure is "essential to a fair determination of the cause at issue." McCray v. State, 730 So.2d 817, 817 (Fla. 2d DCA 1999); see Fla. R.Crim. P. 3.220(g)(2).[1]
When asserting that disclosure of information is necessary to establish a specific defense, "[t]he defendant must make a preliminary showing of the colorability of the defense prior to disclosure." State v. Hernandez, 546 So.2d 761, 762 (Fla. 2d DCA 1989); see Harris v. State, 939 So.2d 338 (Fla. 4th DCA 2006), review dismissed, 946 So.2d 1070 (Fla.2006). The defendant must not only allege a legally cognizable defense, but he or she must also support the defense with sworn evidence. State v. Davila, 570 So.2d 1035, 1038 (Fla. 2d DCA 1990) (holding that the defendant failed to establish by sworn proof that disclosure of the confidential informant's identity was necessary to a legally recognized defense). "A bare allegation that the defendant cannot prepare his case without disclosure is insufficient." State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991).
Borrego's motion to compel disclosure generally states that "[t]he defense is prejudiced in its attempt to prepare for trial without the above-referenced discovery." *468 At the hearing on the motion, Borrego argued vaguely that the CI's identity was necessary to "perpetuate testimony and prepare for my case." When the State argued that the CI was not actively involved in the transaction, defense counsel's rebuttal was simply that "[the CI], I guess, placed the initial phone call." This response was inadequate to assert a specific defense. See State v. Carnegie, 472 So.2d 1329, 1330 (Fla. 2d DCA 1985) (holding that the conclusory contention that nondisclosure of the informant's identity "would directly affect the Defendant's opportunity to establish possible defenses," was wholly inadequate).[2] Therefore, Borrego was not entitled to disclosure on this basis.
Alternatively, the privilege of nondisclosure may give way when a defendant can show that disclosure of the CI is "essential to a fair determination of the cause." McCray, 730 So.2d at 817. This ground involves general due process concerns and is not confined to a defense raised by the defendant. Miller v. State, 729 So.2d 417, 419 (Fla. 4th DCA 1999). "Florida courts have ordered the disclosure of a confidential informant where such was deemed essential in order to guarantee the defendant his due process right to a fair trial," including the defendant's right "to confront the witnesses against him." State v. Zamora, 534 So.2d 864, 869 (Fla. 3d DCA 1988). Borrego has also failed to carry his burden of establishing this basis for disclosure. He did not allege that he was denied the right to confront and cross-examine the CI for any particular purpose. He failed to counter the State's argument that disclosure was unnecessary because it did not intend to call the CI to identify Borrego or to testify about the drug transaction at trial.
Because Borrego has not shown that disclosure was necessary for the preparation of his defense or that his constitutional rights were infringed upon, the trial court departed from the essential requirements of the law in ordering the State to disclose the CI's identity. Accordingly, we grant the State's petition and quash the order compelling disclosure.
Petition granted.
SILBERMAN, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.220(g)(2), states that "[d]isclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant."
[2] Borrego's counsel argues on appeal that the CI can give information as to the telephone number used to make the call, or establish a conflict in the evidence as to identity; however, those arguments were not made to the trial court.