994 So.2d 1256 (2008)
Richard Wayne BAILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-328.
District Court of Appeal of Florida, Second District.
December 3, 2008.
Michelle Erin Berthiaume of Berthiaume Law Firm, P.A., Fort Myers, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
KELLY, Judge.
Richard Wayne Bailey appeals his judgment and sentence for possession of a controlled substance and sale or delivery of a controlled substance. Bailey contends that the trial court erred in not requiring the State to disclose the identity of a confidential informant (CI) whose testimony *1257 was necessary to establish Bailey's defense or, alternatively, in refusing to conduct an in-camera hearing in order to determine whether the State would be required to disclose the informant's identity. We agree that the trial court should have considered the matter in-camera and, accordingly, we reverse.
Bailey was arrested and charged after the Charlotte County Sheriff's Department used a paid CI to set up a drug transaction between Bailey and an undercover narcotics officer. Before his trial, Bailey moved to compel the State to disclose the CI's identity. The sworn affidavit attached to his motion asserted that he was homeless and "down on his luck" when a man whose name he did not know offered to pay him $50 to deliver a container to another man at a specified location and then return with money the man would give him. The man who offered to pay Bailey to make the delivery was a CI; the man who was to receive the container was an undercover police officer. The affidavit states that the CI gave the container to Bailey, that Bailey delivered it as instructed, and that he did not know what was in the container before he delivered it. In his motion, Bailey asserted that the undercover officer testified in his deposition that he paid the CI to get Bailey "involved in the incident." Thus, Bailey argued, the CI's testimony was necessary to establish his defense of entrapment.
At the hearing on Bailey's motion to compel disclosure, the State argued that Bailey was not entitled to disclosure because the State was not going to call the CI as a witness at trial, the CI was not involved in the transaction between the undercover officer and Bailey, and the CI did not witness the transaction. Bailey argued that he intended to call the CI as a witness to support his defense of entrapment and that the State's argument ignored the facts contained in his affidavit. He contended that, at a minimum, the trial court should conduct an in-camera hearing during which it could hear from the informant to determine if the CI's testimony would be relevant and helpful to Bailey's defense of entrapment. The trial court denied Bailey's motion without conducting an in-camera hearing.
The State has a limited privilege to withhold the identity of individuals who provide police with information regarding criminal activity. Roviaro v. United States, 353 U.S. 53, 59-60, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Because the State has the privilege of nondisclosure, the burden is on the defendant claiming an exception to the rule to show why he is entitled to disclosure. Treverrow v. State, 194 So.2d 250, 252 (Fla.1967). In State v. Borrego, 970 So.2d 465 (Fla. 2d DCA 2007), we explained the burden placed on a defendant seeking to discover the identity of a confidential informant:
The State's privilege of nondisclosure may be overcome when an informant's identity or the content of the informant's communication would be relevant and helpful to a specific defense or when disclosure is "essential to a fair determination of the cause at issue." McCray v. State, 730 So.2d 817, 817 (Fla. 2d DCA 1999); see Fla. R.Crim. P. 3.220(g)(2).
When asserting that disclosure of information is necessary to establish a specific defense, "[t]he defendant must make a preliminary showing of the colorability of the defense prior to disclosure." State v. Hernandez, 546 So.2d 761, 762 (Fla. 2d DCA 1989); see Harris v. State, 939 So.2d 338 (Fla. 4th DCA 2006), review dismissed, 946 So.2d 1070 (Fla.2006). The defendant must not only allege a legally cognizable defense, but he or she must also support the defense with sworn evidence. State v. Davila, 570 So.2d 1035, 1038 (Fla. 2d *1258 DCA 1990) (holding that the defendant failed to establish by sworn proof that disclosure of the confidential informant's identity was necessary to a legally recognized defense). "A bare allegation that the defendant cannot prepare his case without disclosure is insufficient." State v. Mashke, 577 So.2d 610, 612 (Fla. 2d DCA 1991).
Id. at 467 (footnote omitted).
When a defendant files a sworn motion or affidavit alleging facts regarding the informant's involvement that, if true, would support the possibility of a specific defense, the trial court is required to conduct an in-camera hearing to consider the necessity of the informant's testimony and the State's interest in nondisclosure. State v. Roberts, 686 So.2d 722, 723 (Fla. 2d DCA 1997); Beasley v. State, 354 So.2d 934, 935 (Fla. 2d DCA 1978); Munford v. State, 343 So.2d 67, 69 (Fla. 2d DCA 1977), quashed in part on other grounds, 357 So.2d 706 (Fla.1978). Here, Bailey asserted a legally cognizable defenseentrapmentand he supported it with sworn facts. While Bailey has not alleged all the elements of a defense of entrapment, he is not required to do so. State v. Acosta, 439 So.2d 1024, 1027 n. 2 (Fla. 3d DCA 1983) (citing Munford). A motion is sufficient to invoke an in-camera hearing if the defense is possible in light of the facts alleged. Id.
We conclude that the sworn facts in Bailey's affidavit are sufficient to support the possibility that Bailey has an entrapment defense and that the CI's testimony could be relevant to that defense. See Munford, 343 So.2d at 68-69. Accordingly, we reverse and remand for an in-camera hearing at which the trial court shall consider the testimony of the CI and determine if, in fact, the CI's testimony is material and helpful to Bailey's defense of entrapment and if so, whether disclosure of the CI's identity should be ordered. See McCray v. State, 730 So.2d at 818; Acosta, 439 So.2d at 1027; Munford, 343 So.2d at 69. If the court determines that disclosure is required, then Bailey is entitled to a new trial. If the court determines disclosure is not required, it should enter an order containing specific findings to support that conclusion and Bailey's conviction should be reinstated.
Reversed and remanded for further proceedings.
VILLANTI and WALLACE, JJ., Concur.