KELLY, Judge.
 

 The State appeals an order that dismissed the information against Darion Carter after the State was unable to produce the confidential informant who was present when Carter sold cocaine to an undercover police officer. In support of his claim that he was entitled to disclosure of the informant’s identity, Carter filed a motion
 
 [1]
 
 stating: (1) the informant was “not only a material fact witness and potentially an exculpatory witness, but is a witness to the events that are alleged as probable cause for the arrest of the defendant”; and (2) disclosure is “essential to the preparation of [his] defense of misiden-tification.” Based on these allegations, the trial court ordered the State to produce
 
 *1219
 
 the informant for an in-camera hearing. When the State was not able to produce the informant, the trial court dismissed the charges against Carter.
 

 The State has the privilege to withhold the identity of a confidential informant, and the defendant has the burden to show why disclosure should be compelled.
 
 State v. Borrego,
 
 970 So.2d 465 (Fla. 2d DCA 2007). The State’s privilege of nondisclosure may be overcome if the State plans to call the informant as a witness at trial or when disclosure is “ ‘essential to a fair determination of the cause at issue.’ ”
 
 Id.
 
 at 467 (quoting
 
 McCray v. State,
 
 730 So.2d 817, 817 (Fla. 2d DCA 1999));
 
 see also
 
 Fla. R.Crim. P. 3.220(g)(2). Carter contends disclosure is essential to his ability to establish his defense of mis-identification.
 

 “When asserting that disclosure of information is necessary to establish a specific defense, ‘[t]he defendant must make a preliminary showing of the colora-bility of the defense prior to disclosure.’ ”
 
 Bailey v. State,
 
 994 So.2d 1256, 1257 (Fla. 2d DCA 2008) (quoting
 
 State v. Hernandez,
 
 546 So.2d 761, 762 (Fla. 2d DCA 1989)). If a defendant files a sworn motion or affidavit alleging facts regarding the informant’s involvement that, if true, would support the possibility of a legally cognizable defense, before ordering disclosure, the trial court is required to conduct an in-camera hearing to consider the necessity of the informant’s testimony and the State’s interest in nondisclosure.
 
 Id., State v. Zamora,
 
 534 So.2d 864, 869 (Fla. 3d DCA 1988). On the other hand, if a defendant fails to make that initial showing, an in-camera hearing is not required.
 
 Munford v. State,
 
 343 So.2d 67 (Fla. 2d DCA 1977),
 
 quashed on other grounds,
 
 357 So.2d 706 (Fla.1978);
 
 see also Zamora,
 
 534 So.2d at 869.
 

 Carter failed to make the initial showing that would have triggered the need for an in-camera hearing. His motion was devoid of facts and in no way demonstrates that he may have a colorable claim of misidentification.
 
 Compare State v. Carnegie,
 
 472 So.2d 1329, 1330 (Fla. 2d DCA 1985)
 
 with McCray,
 
 730 So.2d at 817. In addition, the record indicates that the transaction was videotaped by law enforcement, a fact that suggests the informant’s testimony would not be material to Carter’s defense. Finally, Carter’s bare allegation that the informant is a “potentially exculpatory witness” is entirely speculative and hence insufficient to otherwise establish that the informant’s testimony is essential to a fair determination of the cause.
 
 See State v. Mashke,
 
 577 So.2d 610, 612 (Fla. 2d DCA 1991) (holding that mere speculation that an informant’s testimony would be useful is insufficient to overcome the State’s privilege of nondisclosure).
 

 The trial court erred when it ordered the State to produce the confidential informant for an in-camera hearing. Accordingly, we reverse the order dismissing the information and remand with instructions to reinstate the charges against Carter.
 

 Reversed and remanded.
 

 DAVIS, J., and FULMER, CAROLYN K., Senior Judge, Concur.
 

 [1]
 

 . In its brief, the State points out that Carter's motion was not properly sworn. While we agree, we note that the State did not object in the trial court; thus, this poinl is not preserved for appeal.