NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,          )
                          )
          Appellant,       )
                          )
v.                        )          Case No. 2D18-2281
                          )
STANLEY RAPHAEL JEAN,      )
                          )
          Appellee.        )
_____)

Opinion filed May 3, 2019.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Katie Salemi Ashby,
Assistant Attorney General, Tampa, for
Appellant.

Peter Lombardo of Law Office of Peter
Lombardo, Bradenton, for Appellee.

PER CURIAM.

We treat this State appeal from an order to disclose the identity of a

confidential informant as a petition for writ of certiorari and grant it.  See, e.g., State v.

Borrego, 970 So. 2d 465, 466 (Fla. 2d DCA 2007) (holding that an order requiring

disclosure of a confidential informant was reviewable by way of certiorari where there

was no adequate remedy on appeal); State v. Devoid, 706 So. 2d 924, 925 (Fla. 2d

DCA 1998) (same). The trial court departed from the essential requirements of law by ordering the disclosure without first conducting the in-camera hearing the law requires. See State v. Roberts, 686 So. 2d 722, 723 (Fla. 2d DCA 1997) ("Once a defendant carries an initial burden of showing that disclosure is necessary to a specific defense, the trial court should hold an in camera hearing to determine, in fact, whether the disclosure would be relevant and helpful to the defense."); see also Bailey v. State, 994 So. 2d 1256, 1258 (Fla. 2d DCA 2008) ("When a defendant files a sworn motion or affidavit alleging facts regarding the informant's involvement that, if true, would support the possibility of a specific defense, the trial court is required to conduct an in-camera hearing to consider the necessity of the informant's testimony and the State's interest in nondisclosure."). We accordingly quash the order to disclose the identity of the confidential informant.

Petition granted; order quashed.

SILBERMAN, LUCAS, and SALARIO, JJ., Concur.