# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3273

_____

JOHN NICHOLAS HILL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

September 24, 2020

ROWE, J.

John Nicholas Hill appeals his convictions for possessing a trafficking amount of cocaine, possession of cannabis with the intent to sell, possession of drug paraphernalia, and possession of a firearm by a convicted felon. He argues that the trial court erred when it denied his motion to unseal the affidavit used to obtain the search warrant for the residence where Hill often stayed. He asserts that the trial court also erred by not reviewing the sealed affidavit in camera. We affirm because Hill did not make the necessary showing required to unseal the affidavit and because Hill did not preserve his argument on the need for in camera review.

*Facts*

Law enforcement secured a warrant to search the residence of Hill's former girlfriend and their children. Hill often stayed at the residence. After the warrant issued, the issuing judge sealed the affidavit used to obtain the warrant.

The next day, police officers executed the warrant at the residence. Hill was present on the premises. The officers found large quantities of cannabis and cocaine, drug paraphernalia, two loaded firearms, and $3,800 in cash. Based on the evidence obtained in the search, the State charged Hill with trafficking in cocaine, possession of cannabis with the intent to sell, possession of drug paraphernalia, and possession of a firearm by a convicted felon.

During discovery, the State provided Hill with a copy of the search warrant, but it did not produce a copy of the sealed affidavit used to secure the search warrant. Hill's counsel moved to unseal the affidavit, asserting that he needed to review it to determine whether the affidavit omitted material facts or contained false statements and whether there was probable cause to justify the issuance of the warrant.

The State opposed the motion, arguing that defense counsel failed to allege with specificity what in the affidavit he believed to be false, incorrect, or misleading. The State also asserted that unsealing the affidavit could prejudice ongoing criminal investigations by revealing confidential informants; by revealing the scope, status, and direction of ongoing criminal investigations; or prematurely disclosing the existence of investigatory tools.

The trial court heard argument on Hill's motion. When the hearing began, Hill's counsel agreed that he had the burden to show good cause why the trial court should unseal the affidavit. Counsel asserted that good cause existed because the affidavit and resulting search warrant depended on stale information. Hill testified at the hearing and contended that he did not sell, distribute, or manufacture drugs at the residence in the thirty days before the officers executed the warrant. Hill's counsel argued

2

that if the affidavit was not based on sales or buys, Hill had a right to know what other information was used to obtain the warrant.

The prosecutor countered that the State did not charge Hill with sale of cocaine or cannabis, so Hill's testimony that he had not sold drugs from the residence in the past thirty days did not suggest any defect in the affidavit. And Hill did not testify that he had not **possessed** drugs at the residence in the past thirty days. The prosecutor insisted that Hill's request was a "back-door way" for Hill to discover the identity of the confidential informant. The prosecutor maintained that if she were to redact from the sealed affidavit all information related to the confidential informant and the investigative techniques used by the police, Hill would be left with a document containing only boilerplate language. The trial court orally denied the motion without comment. Hill did not seek rehearing or a written order on the motion.

Hill went to trial. The State presented the testimony of the officers who executed the search warrant and the officer who interviewed Hill. The officer testified that Hill confessed to selling drugs from the residence, stating, "I'm a drug dealer, y'all." The State also presented an audio recording in which Hill confessed to possessing and selling cocaine and cannabis.

The jury returned guilty verdicts on the counts for trafficking in cocaine, possession of cannabis with the intent to sell, and possession of drug paraphernalia. Hill later pleaded guilty to the charge of possession of a firearm by a convicted felon. This timely appeal follows.

*Standard of Review*

We review a trial court's order denying or limiting criminal discovery for an abuse of discretion. *See Blake v. State*, 180 So. 3d 89, 102 (Fla. 2014).

*Analysis*

Hill argues that he is entitled to a new trial because the trial court denied him due process and his right to criminal discovery when it denied his motion to unseal the affidavit used to obtain the

3

search warrant. And Hill contends that before it could deny the motion, the trial court had to review the sealed affidavit in camera. For the reasons below, we affirm.

When Hill moved to unseal the search warrant affidavit, he argued that he had a right to discover documents related to the search. Although a criminal defendant has no constitutional right to discovery, *see Perry v. State*, 395 So. 2d 170, 173 (Fla. 1980), under Florida Rule of Criminal Procedure 3.220(b)(1)(I), the State must reveal to a defendant who has elected to participate in criminal discovery "whether there has been any search and any documents relating thereto." Still, not all documents related to a search are discoverable under rule 3.220.

The State asserted that it did not have to produce the affidavit to Hill because it contained information that could reveal the identity of a confidential informant and information on ongoing criminal investigations. Under Florida Rule of Criminal Procedure 3.220(g)(2), the State need not disclose a confidential informant "unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant." Nor must the State reveal the identity of a confidential informant "who merely furnishes the probable cause basis for a search or arrest." *State v. Chamblin*, 418 So. 2d 1152, 1154 (Fla. 1st DCA 1982). The State must reveal information about a confidential informant only when the defendant shows that the disclosure is necessary for a specific defense. *See Garcia v. State*, 521 So. 2d 191, 194 (Fla. 1st DCA 1988)(holding that the "defendant must allege a specific possible defense" and "must show that the informant's testimony is essential to establish the defense").

Hill insists that he did not need to make such a showing because he was not seeking information about a confidential informant. But Hill misses the point. The State claimed that the sealed affidavit concealed so much sensitive information that redaction of the information about the confidential informant would leave a document containing only boilerplate language. So, based on the State's assertion, whether or not Hill was actively seeking the identity of the confidential informant, unsealing the search warrant affidavit could reveal the identity of a confidential

4

informant. And because the State asserted that the sealed affidavit included information exempt from disclosure, the burden shifted to Hill to show a specific reason why disclosure was still warranted. *See Treverrow v. State*, 194 So. 2d 250, 252 (Fla. 1967) ("[S]ince it is the State which has the privilege of nondisclosure, the burden is upon the defendant claiming an exception to the rule to show why an exception should be invoked."); *Chamblin*, 418 So. 2d at 1154 ("The general rule is that the State has the privilege of nondisclosure of the identity of a confidential informant, and the burden is on the defendant to show why disclosure should be compelled."). A bare allegation that defense counsel is unable to prepare a defense without the requested information is not enough. *See Thomas v. State*, 28 So. 3d 240, 244 (Fla. 4th DCA 2010). And so, defense counsel's general argument in the trial court that he needed the affidavit to prepare Hill's defense was not sufficient to compel the trial court to unseal the affidavit.

Hill's counsel's specific reason for seeking disclosure also falls short of making the showing required to unseal the affidavit. At the hearing on the motion to unseal the affidavit, Hill's counsel argued that he believed the affidavit stemmed from stale information as no sales or distribution took place at the residence in the thirty days before the officers executed the search warrant.*

---

*\* Although Hill filed a suppression motion on grounds that law enforcement violated the knock-and-announce rule, he never sought to suppress the evidence by arguing there was a lack of probable cause based on staleness. *See Johnson v. State*, 660 So. 2d 648, 654 (Fla. 1995) ("Unlike the burdens of proof in a criminal trial, the obligation to establish probable cause in an affidavit may be met by hearsay, by fleeting observations, or by tips received from unnamed reliable informants whose identities often may not lawfully be disclosed."); *see also Wingate v. State*, 289 So. 3d 566, 569–70 (Fla. 1st DCA 2020) (explaining that the good faith rule announced in *Leon* applies and suppression is not required unless a defendant moving for suppression can meet one of four exceptions, including one where the search warrant affidavit is "bare bones" or contains "wholly conclusory statements" such that it is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable").*

The State countered that the lack of drug activity at Hill's home before the execution of the warrant was immaterial because the State charged Hill with possession, not sale. And Hill did not testify that he did not **possess** drugs at the residence. After the State challenged the basis for Hill's motion to unseal the affidavit, Hill advanced no other reason why the information in the affidavit was necessary to prepare his defense. Because Hill did not meet his burden to show a specific reason why he needed access to the sealed affidavit that the State asserted contained information on a confidential informant, the trial court did not abuse its discretion by denying the motion without conducting an in camera review of affidavit. *See State v. Carter*, 29 So. 3d 1217, 1219 (Fla. 2d DCA 2010) (holding that a trial court need not conduct an in camera review when a defendant does not make an initial showing of necessity for the confidential information to support a specific defense).

Even so, if Hill still believed that there was information in the affidavit to which he was entitled and wanted to challenge the State's asserted reason for nondisclosure, he should have availed himself of the procedures outlined in Florida Rule of Criminal Procedure 3.220(m) and made a record for appellate review. *See Damren v. State*, 838 So. 2d 513, 519 (Fla. 2003) ("[W]here doubt existed as to whether the State must disclose a particular document, the proper procedure is to have a trial judge conduct an in camera review of the documents." (quoting *Rose v. State*, 774 So. 2d 629, 636 (Fla. 2000))). Rule 3.220(m) provides that a trial court may consider sensitive matters in camera to determine whether sensitive matters should be disclosed. And when a trial court grants relief to a party seeking to restrict disclosure of sensitive matters, the rule requires "the entire record of the proceeding . . . be sealed and preserved and be made available to the appellate court in the event of an appeal." Fla. R. Crim. P. 3.220(m)(3).

But after the State asserted that the sealed affidavit contained sensitive matters, including information about a confidential informant and ongoing criminal investigations, Hill never asked the trial court to review the sealed affidavit in camera nor did he take any steps to make a record. This failure led to an inadequate record on appeal and prevents this Court from conducting meaningful review of Hill's claim that the

6

nondisclosure of the affidavit violated his due process rights and right to criminal discovery under rule 3.220. *See Terry v. State*, 263 So. 3d 799, 803 (Fla. 4th DCA 2019) (observing that as part of the appellant's burden to show that an error occurred in the trial court, "appellants must submit to the appellate court a record adequate to support the appeal").

Thus, because Hill did not meet his burden to show that disclosure of the affidavit was essential to a specific defense, the trial court did not abuse its discretion in denying Hill's motion to unseal the search warrant affidavit. And because Hill did not raise with the trial court his argument that in camera review of the affidavit was required, we find that Hill did not preserve this issue for appellate review. The judgment of the trial court is AFFIRMED.

B.L. THOMAS, J., concurs; MAKAR, J., dissents with opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

MAKAR, J., dissenting.

John Nicholas Hill requested a copy of the affidavit used to issue the search warrant that empowered police officers to enter a former girlfriend's house (where he visits his children residing there) and seize evidence that became the exclusive basis to charge him with serious drug crimes.[1] Florida's rules of criminal

---

[1] Hill claims that his statements to police officers during the search (that the contraband was his) were to protect his former girlfriend who lived in the house with his children. If the search was impermissible, Hill's statements would be inadmissible absent a showing they were the product of his own free will under the circumstances. *Wong Sun v. United States*, 371 U.S. 471, 485 (1963) (verbal evidence, such as a defendant's statements made

procedure entitle Hill, who opted for reciprocal discovery, to receive the affidavit because prosecutors are obligated to disclose broad categories of information and documents, one of which relates to "whether there has been any search or seizure and any documents relating thereto." Fla. R. Crim. P. 3.220(b)(1)(I) (2020) (setting forth a "Prosecutor's Discovery Obligation" as to thirteen broad categories). An affidavit is a crucial document used to establish probable cause for a warrant's issuance and must be disclosed under the rule. *See, e.g.*, *State v. Wooten*, 260 So. 3d 1060, 1066 (Fla. 4th DCA 2018) ("Because the search warrants and applications were documents related to a search or seizure, the state was required to provide them to the defendant.").

Though not required to do so, Hill stated an adequate basis to establish the materiality of the affidavit, contending that he didn't engage in any drug-related activity at the house in the thirty days before the warrant's issuance, thereby making the warrant potentially deficient, as either stale or invalid, because it relied on false statements or omissions of material facts in the affidavit. Without the affidavit, he lacked a vital document to contest the issuance of the warrant; he'd also be denied potential information as to how he was purportedly implicated in the crimes charged (e.g., was he seen with contraband at the house?). Information of this kind—including eyewitness reports of police officers conducting surveillance or non-eyewitness testimony that "is highly probative of the guilt or innocence of the accused"—is "discoverable" under Rule 3.220. *Downing v. State*, 536 So. 2d 189, 191 (Fla. 1988).

Hill's entitlement to the affidavit—redacted to exclude confidential informant information or other proper and proven grounds—is compulsory under the clear language of the discovery rule, amounting to a due process violation if it is not made available to him without adequate judicial review. *Wooten*, 260 So.

---

during an illegal search, are "fruits" of the "unlawful action" and subject to exclusionary rule); *Delap v. State*, 440 So. 2d 1242, 1252 (Fla. 1983) ("For example, an individual who is present while his home is being searched makes remarks to the searchers during course of the search. Clearly, any such remarks are the result of the search and, if the search is declared illegal, are tainted by it.").

3d at 1064, 1066 (holding that due process "mandates" the "unredacted disclosure of the search warrants and applications" based on the trial court's in camera review and its findings that the State's reasons for restricting disclosure of the sealed affidavit were inadequate).

Nonetheless, the trial judge—*who never even saw the affidavit*—denied Hill's request. She did so based solely on the State's unverified claim that disclosure of a redacted affidavit would yield merely the "boiler plate language" contained in all affidavits. Because Hill stated a reasonable basis for seeking the affidavit, it was incumbent on the trial judge to review the affidavit to determine whether the State's assertions were meritorious; simply adopting one side's view without actually reviewing the affidavit is no review at all. The trial judge's failure to even look at the affidavit—a document neither in the trial nor appellate records—amounts to an abuse of discretion. *See, e.g., Bailey v. State*, 994 So. 2d 1256, 1258 (Fla. 2d DCA 2008) (holding that a "trial court is required to conduct an in-camera hearing to consider the necessity of the [confidential] informant's testimony and the State's interest in nondisclosure" when a "defendant files a sworn motion or affidavit alleging facts regarding the informant's involvement that, if true, would support the possibility of a specific defense"); *see also House v. State*, 283 So. 3d 451, 453 (Fla. 1st DCA 2019) (Bilbrey, J., specially concurring) ("By not conducting an in camera review before prohibiting disclosure of the affidavit and by not determining whether the court could 'partially restrict the disclosure' and still protect any purported interest of the State, the trial court may have committed error."). Circumstances may exist where review of an affidavit in camera is unwarranted (e.g., review sought based on a patently frivolous motion to unseal), but Hill has asserted meritorious grounds.

Criticism that Hill's stated basis for accessing the affidavit lacks sufficient specificity ignores that neither Hill nor his legal counsel has ever seen the affidavit. Hill stated a manifestly reasonable basis for the affidavit despite not knowing what information it contained. Hill was charged with *selling, manufacturing, delivering, or possession of cannabis with intent to sell*, making his testimony that he had not *sold, manufactured or distributed any drugs* at the house during the thirty days prior to

9

the search directly relevant. Demanding that a criminal defendant provide more detailed factual specifics potentially contained in a sealed and undisclosed affidavit is asking for clairvoyance no human possesses; defense counsel need only state a plausible basis for the affidavit, even when under seal, so that in camera judicial review can be done, which did not occur here.

That the affidavit had been sealed—for unknown reasons after issuance of the warrant—does not negate Hill's right to receive it, fully or redacted, provided in camera review occurs that complies with Rule 3.220. *Wooten*, 260 So. 3d at 1066-67 (noting that plain language of Rule 3.220 requires disclosure of sealed information based on a trial court's in camera review). In contrast to *Wooten*, neither the trial judge, nor appellate counsel, nor members of our appellate panel have seen the affidavit or know why it was sealed in the first place. Perhaps it contained information involving a confidential source or the like, but Hill does not seek disclosure of a "confidential informant," which is one of two "Matters Not Subject to Disclosure" set forth in the same rule of criminal procedure. *See* Fla. R. Crim. P. 3.220(g) (the other is work product). Hill repeatedly has agreed to accept an appropriately redacted affidavit, making it a red herring to say he seeks the identity of a confidential informant. He does not; if he did, the burden would be on him to meet one of the requirements of the rule that allows for disclosure.[2]

On this point, although it is a criminal defendant's burden to require disclosure of a confidential informant under Rule 3.220(g), it is the *State's* responsibility to establish possible grounds for barring disclosures otherwise required by the rule. For instance, the section of Rule 3.220 that establishes a prosecutor's discovery

---

[2] Fla. R. Crim. P. 3.220(g)(2) states that "Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant's identity will infringe the constitutional rights of the defendant." *See Treverrow v. State*, 194 So. 2d 250, 252 (Fla. 1967) (criminal defendant has burden to demonstrate that disclosure of confidential informant is necessary); *see also Bailey*, 994 So. 2d at 1257; *State v. Roberts*, 686 So. 2d 722, 723 (Fla. 2d DCA 1997).

obligations makes clear that in camera review is required when the *State* seeks to protect its own interests by shielding specific information from disclosure. As to police or investigative reports, the rule states:

> (2) *If the court determines, in camera*, that any police or investigative report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of the police report may seriously impair law enforcement or jeopardize the investigation of those other crimes or activities, *the court may prohibit or partially restrict the disclosure.*

Fla. R. Crim. P. 3.220(b)(2) (emphasis added). The obvious purpose of subsection (b)(2) is to allow the State to demonstrate, via in camera judicial review, that information in police or investigative reports that would seriously impair or jeopardize an investigation of other crimes may be prohibited or restricted. As to other matters, the trial court—upon "a showing of good cause"—shall "at any time order that specified disclosures be restricted, deferred, or exempted from discovery" as may be appropriate under the circumstances. *See* Fla. R. Crim. P. 3.220(l)(1) (entitled "Protective Orders"). Again, it is the State that must show good cause to restrict, defer or exempt information, not a criminal defendant to show otherwise. *See House*, 283 So. 3d at 454 n.6 (Bilbrey, J., specially concurring) ("While rule 3.200(g)(2) allows the State to withhold the identity of an informant, as to other purported confidential information I read rule 3.220(b)(2) to put the burden on the State to show the need for confidentiality for most other discovery.").

As such, the State had the burden to demonstrate that specific portions of the affidavit should not be disclosed. It is immaterial that Hill agreed to demonstrate "good cause" to unseal the affidavit because demonstrating the materiality of the affidavit is merely another way of saying good cause exists for its disclosure. Materiality is a subset of good cause; if a criminal defendant states a plausible basis that an affidavit may contain information that is material to his defense, he has established good cause. To the extent Hill agreed to shoulder a heavier burden than was required

of him, he met that burden. Full and fair criminal discovery involves a "search for truth and justice" that "can be accomplished only when all relevant facts are before the judicial tribunal. Those relevant facts should be the determining factor rather than gamesmanship, surprise, or superior trial tactics." *Wilcox v. State*, 143 So. 3d 359, 376 (Fla. 2014) (citations omitted).

The relief that Hill seeks is exceptionally modest: provide the affidavit as required by Rule 3.220(b)(1)(I), redacted if necessary, after in camera judicial review to determine whether protected information should be shielded. Rule 3.220 is a thoughtful, balanced, and carefully crafted means of ensuring due process in the context of criminal discovery. It specifically compels disclosure of the information Hill seeks subject to trial court review to resolve disputes as to confidential informant information and other listed exceptions and specified police/investigative reports. *See* Fla. R. Crim. P. 3.220(b)(2) & (g). Hill stated an adequate basis to present and preserve his claim below; placing new hurdles on him and others similarly situated—ones that exist neither in the text of Rule 3.220 nor related precedent—is unwarranted and serves only to tip the balance of Rule 3.220 against criminal defendants whose rights it was designed to protect.

—————————————

Mark V. Murray, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Quentin Humphrey, Assistant Attorney General, Tallahassee, for Appellee.